J-S39041-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY A. BARTO, | : | |
| | : | |
| Appellant | : | No. 329 MDA 2015 |

Appeal from the Order Entered February 2, 2015
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000110-2009,
CP-41-CR-0000844-2009, CP-41-CR-0000896-2009,
CP-41-CR-0001079-2008, CP-41-CR-0001606-2009,
CP-41-CR-0001632-2009

BEFORE: STABILE, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JULY 26, 2016**

Gregory A. Barto (Appellant) appeals *pro se* from the order which
dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA),
42 Pa.C.S. §§ 9541-9546.[1] Upon review, we affirm.

The PCRA court summarized the background underlying this matter as
follows.

> Following a jury trial in May 2010, Appellant was convicted
> of numerous controlled substance offenses, and sex and
> corruption offenses related to separate female victims. The
> offenses included possession with intent to deliver (PWID)
> cocaine and marijuana, forcible rape, terroristic threats,
> corruption of minors, sexual exploitation of children and sexual
> abuse of children. These offenses were based on a pattern of

---

[1] We note with disapproval that the Commonwealth has failed to file a brief
in this matter, despite receiving three extensions of time to do so.

*Retired Senior Judge assigned to the Superior Court.

activity in which Appellant provided alcohol and/or controlled substances to minor females, and then he, and sometimes his wife, would have sexual contact with them. They videotaped their sexual activities with some of the females, and they showed pornographic videos to other females to encourage them to engage in sexual activities. Appellant was sentenced to undergo thirty-five to seventy years of incarceration in a state correctional institution.

No post[-]sentence motions were filed, but Appellant filed a direct appeal. The Pennsylvania Superior Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied his petition for allowance of appeal. [*Commonwealth v. Barto*, 32 A.3d 837 (Pa. Super. 2011), *appeal denied*, 38 A.3d 822 (Pa. 2012).]

PCRA Court Opinion, 8/12/2015, at 1-2 (repetition of quantities in numerical form omitted).

Appellant timely filed *pro se* a PCRA petition on October 25, 2012. Counsel was appointed, and an amended petition was filed. Eventually, a "Second Amended PCRA Petition" was filed on July 1, 2014. Therein, Appellant raised claims of ineffective assistance of prior counsel for failing to file a post-sentence motion or appeal challenging the sufficiency of the evidence, the weight of the evidence, and the discretionary aspects of Appellant's sentence. Second Amended PCRA Petition, 7/1/2014, at unnumbered pages 5-7.

On January 2, 2015, the PCRA court issued an opinion concluding that Appellant's three ineffective-assistance-of-counsel claims did not entitle him to relief and an order providing notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Opinion and Order,

1/2/2015. On February 2, 2015, the PCRA court dismissed the petition. Appellant timely filed *pro se* a notice of appeal to this Court. On March 10, 2015, Appellant filed a petition requesting a **Grazier**[2] hearing. On April 9, 2015, the PCRA court issued an order stating that, following a hearing, it found Appellant had knowingly, intelligently, and voluntarily waived his right to appellate counsel. The PCRA court also issued an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a concise statement, and the PCRA court issued its opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant presents the following issues for our consideration:

I. Whether appellate counsel was ineffective for fail[ing] to challenge the sufficiency of evidence in regards to N.B. and A.W.?

II. Whether Appellant s[h]ould be entitled to an evidentiary hearing based on after-discovered evidence which Appellant learned that the investigating trooper was arrested for similar offenses that occurred prior to Appellant's trial and a hearing is warranted to determine if the Commonwealth violated [**Brady v. Maryland**, 373 U.S. 83 (1963),] because the Pennsylvania State Police was part of the arrest and or whether this new … evidence warrants a new trial regardless of any **Brady** violation?

III. Wheth[er] trial counsel was ineffective for fail[ing] to inform Appellant that he could have character witnesses to testify for his reputation of non-violence denying Appellant his Sixth

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Amendment right to effective counsel and Fourteenth Amendment right to due process?

IV.     Whether Appellant had adequate counsel during the PCRA proce[e]ding as appointed counsel did not communicate with Appellant and did not inform Appellant that he filed an amended petition on Appellant's behalf pursuant to Pa.R.Crim.P. 902(a)(14)?

Appellant's Brief at 5 (unnecessary capitalization and suggested answers omitted; some formatting altered).

"Our standard of review of a trial court order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Perez*, 103 A.3d 344, 347 (Pa. Super. 2014).

In his first issue, Appellant argues that his counsel was ineffective for failing to challenge the sufficiency of the evidence in regard to victims N.B. and A.W.  In the argument section of his brief, however, Appellant abandons his claim as to A.W.  *See* Appellant's Brief at 12 ("In regards to A.W[.], after reviewing the evidence in light [*sic*] most favorable to the Commonwealth Appellant concedes that the fact finder may have had sufficient evidence to determine guilt in regards to the offenses alleged against [A.W.].  Appellant will not make any further argument in regards to this matter.").  Thus, we need not address this claim further.

With regard to Appellant's claim as to N.B., we note that

a PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence

resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. …

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (internal quotation marks and citations omitted).

Furthermore, "[c]laims of ineffective assistance of counsel are not self-proving." *Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002). In order to be entitled to relief, "a petitioner must set forth and individually discuss substantively each prong of the [ineffectiveness] test." *Commonwealth v. Steele*, 961 A.2d 786, 797 (Pa. 2008). Herein, Appellant has failed to do so. With respect to the arguable merit prong, Appellant does not set forth and meaningfully discuss the legal principles pertaining to his underlying sufficiency claim or the elements of crimes he seeks to challenge on that basis. As to the latter two prongs of the ineffectiveness test, Appellant baldly asserts that "[s]hould this [C]ourt find

the evidence insufficient then [a]ppellate counsel would be ineffective pursuant to **United States v. Cronic** and the **Strickland** standard would be moot, that is determining if counsel had a reasonable basis."[3]   Appellant's Brief at 11. Thus, Appellant's first issue as it pertains to N.B. is waived. **Steele**, 961 A.2d at 797 (finding ineffectiveness claims waived for lack of development where the appellant "fail[s] to set forth all three prongs of the ineffectiveness test and meaningfully discuss them").

Turning to Appellant's remaining claims on appeal, we reject them for the following reasons.  With respect to Appellant's second issue, wherein he alleges that he is entitled to a hearing based on an alleged **Brady** violation and a hearing or new trial based on after-discovered evidence, we observe that the July 1, 2014 amended petition did not include a claim based on **Brady** or after-discovered evidence.   Thus, no relief is due.   **See Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008) ("A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying

---

[3] Presumably, Appellant is referring to **United States v. Cronic**, 466 U.S. 648 (1984), which "relieves an appellant from the burden of proving prejudice where there has been an actual or constructive denial of counsel, *i.e.*, when counsel's failure has been complete and it is as if the right to counsel has been denied," **Steele**, 961 A.2d at 811, and the three-pronged ineffectiveness standard derived from **Strickland v. Washington**, 466 U.S. 668 (1984).

relief without an evidentiary hearing."); *see also Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) ("Any claim not raised in the PCRA petition is waived and not cognizable on appeal."). Appellant's third issue, wherein he claims that trial counsel was ineffective for failing to inform him that he could have character witnesses testify on his behalf, was also not raised in his July 1, 2014 amended petition before the PCRA court. Thus, it is waived. *See Washington*, 927 A.2d at 601. Finally, our review of the record reveals that Appellant did not raise his fourth issue, wherein he alleges PCRA counsel's ineffectiveness,[4] before the PCRA court or in his 1925(b) statement. Therefore, this claim is also waived. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) ("[C]laims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Appellant has failed to establish that he is entitled to relief on his claims herein. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

---

[4] Appellant also alludes to PCRA counsel's ineffectiveness in the context of his second and third issues on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2016