J-A01032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MASON TYLER SWANSON, | : | |
| | : | |
| Appellant | : | No. 586 WDA 2016 |

Appeal from the PCRA Order March 29, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000913-2013

BEFORE:  BOWES, OLSON, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED APRIL 06, 2017**

Mason Tyler Swanson (Appellant) appeals from the March 29, 2016 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On March 6, 2013, Officer Markus Morrison, City of Corry Police Department, charged Appellant with corruption of minors and indecent assault. In his affidavit of probable cause accompanying the complaint, Officer Morrison alleged in part:

On 01/31/13, the victim [a] minor child 13 [years] of age, reported that she took a shower with [Appellant] 22 [years] of age, while she was babysitting her sister[']s two children.... Victim believes the incident occurred sometime during December 2012 Christmas break, during the afternoon. Victim stated during [her] Children's Advocacy Center interview that [Appellant] showed up to her sister[']s house looking for her sister. Victim told [Appellant] that her sister [was] not home, [that] she [was] in Erie. While [at the sister's house], [Appellant] asked the victim to take a shower with him. Victim stated that she did not want

to, but did so anyhow due to [Appellant] appearing upset with her.

Affidavit of Probable Cause, 3/6/13. The case proceeded to a jury trial, at the conclusion of which Appellant was convicted of corruption of minors and indecent assault. On June 23, 2014, the trial court sentenced Appellant to serve 10 to 24 months in prison for corruption of minors and a consecutive 6 to 24 months' incarceration for indecent assault. Appellant filed a timely appeal to this Court.

*Commonwealth v. Swanson*, 121 A.3d 1143 (Pa. Super. 2015) (unpublished memorandum at 1). On April 27, 2015, this Court affirmed Appellant's judgment of sentence. *Id*. Appellant did not seek review by our Supreme Court.

On September 8, 2015, Appellant timely filed a *pro se* PCRA petition. Counsel was appointed and an amended petition was filed. On February 24, 2016, an evidentiary hearing was held. Appellant's petition was denied by order dated March 29, 2016.[1] This appeal followed.[2]

Appellant raises two issues for our consideration.

A. Whether the [PCRA] court erred in denying PCRA relief in the nature of the provision of a new trial in that defense counsel was ineffective in failing to present and preserve [] Appellant's alibi defense?

_____

[1] The PCRA court issued a notice of intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. However, that procedure is improper as Rule 907 controls only when the PCRA court determines that no hearing is required to dispose of the PCRA petition. The court was permitted to dismiss Appellant's PCRA petition following a hearing pursuant to Pa.R.Crim.P. 908(D)(1).

[2] The PCRA court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b) and none was filed.

B. Whether the [PCRA] court erred in denying PCRA relief in the nature of the provision of a new trial given defense counsel's ineffectiveness in failing to object to the improper form of the in-court identification of [] Appellant in which leading questions were employed and identification of Appellant's brother was secured instead of [] Appellant?

Appellant's Brief at 2 (unnecessary capitalization omitted).

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

In both of his issues on appeal, Appellant contends that trial counsel was ineffective. Appellant's Brief at 4-9. We presume counsel is effective. ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA [petitioner] must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the [appellant] from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "[A petitioner] establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A claim

will be denied if the [petitioner] fails to meet any one of these requirements.

***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008).

With respect to his first issue, that counsel was infective for failing to call Appellant's mother to testify at trial to establish an alibi defense, Appellant was required to prove the following.

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) [trial] counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied [the appellant] a fair trial.

***Commonwealth v. Thomas***, 44 A.3d 12, 23 (Pa. 2012) (citations omitted).

Appellant argues that he met his burden in this regard. His alibi, that on December 28, 2012, he was at his mother's home in Erie, Pennsylvania, approximately 35 miles away from the location of the incident, without access to a vehicle. This was corroborated by his mother, Brenda Christensen, who was known to defense counsel and willing to testify at trial on Appellant's behalf. Appellant's Brief at 6. According to Appellant, he informed counsel of his mother's testimony, but counsel rejected the alibi defense because the victim was uncertain of the exact date of the incident. ***Id.***

At the evidentiary hearing in this matter, trial counsel testified that he discussed the possibility of presenting an alibi defense with Appellant on a number of occasions and, ultimately, after counsel raised a number of concerns about pursuing this strategy, Appellant agreed to forego his alibi

- 4 -

defense. N.T., 2/24/2016, at 32-33, 37. Specifically, counsel stated that he advised Appellant that, because the discovery materials did not identify a specific date on which the incident was alleged to have occurred, the testimony at trial might vary, rendering the alibi testimony specific to Friday, December 28, 2012, immaterial.[3] *Id.* at 34-35. Instead, counsel suggested a trial strategy that involved attacking the victim's overall credibility.

> The alibi really had no corroboration. The victim didn't report this to authorities until the, I understand, the very end of January. It was a school person that she reported it to and not her mother. I felt that this was -- that was a good ground to argue to the jury. She also gave a couple different explanations. She admitted that -- and I think it was in the materials of the discovery materials too -- she admitted she told -- the first people she told about this was several of her girlfriends but that she lied to them because they would be mad that she didn't tell them everything the first time she told the story. Secondly, she told the school people another story that there had been -- that-- he came over and that he nuzzled up to her on the couch, he persuaded her to take a shower but they did not have sex, which I found a little bit peculiar. And then in the police report she says that they had sex. I thought that these were pretty good grounds to attack on credibility, in my opinion, and that an alibi

---

[3] The affidavit of probable cause in this case indicates that the victim reported the incident to a teacher on January 31, 2013. Affidavit of Probable Cause, 3/6/2013. The affidavit notes that the victim "believes the incident occurred sometime during December 2012 Christmas break." *Id.* However, the criminal information lists the date of the incident as "on (or about) December 28, 2012." Criminal Information, 4/17/2013, at 1. Appellant waived his preliminary hearing, and the notes of testimony from Appellant's jury trial reveal that an exact date is never given. The victim's sister testified that she believed the incident happened on a Saturday after Christmas. N.T., 2/12/2014, at 68-69. The victim testified that the incident occurred one morning in late December, after Christmas. *Id.* at 22-23. Defense counsel did not cross examine the victim as to the date of the incident, but instead focused on the timeliness of the report and inconsistent statements the victim made to friends, her teacher, the forensic investigator, and the police. *Id.* at 38-45.

> defense put too many eggs in one basket. I didn't feel it would be credible. We're saying the girl is wrong for all of these reasons and by the way I wasn't even there. He told me from the get-go that he went over and knocked on the door, nobody was there, and the [victim] wasn't -- person he was looking for, I think was the [victim's] sister, she wasn't there and he left. So I explained to him that, you know, in my opinion that was too many eggs to put in one basket, that the jury probably would penalize him for that.

*Id.* at 36-37. Counsel further elaborated that the only specific alibi information Appellant could provide was his mother's testimony that he was at her house all day on December 28; however, because the timeframe was "indefinite" and the twenty-minute long incident "could have occurred any time over Christmas vacation," in order for the alibi to be viable, Appellant's mother would have had to testify that he was with his mother during the entirety of the victim's Christmas break. *Id.* at 38-39. On cross-examination, counsel expressed his concern that it "probably wasn't going to be credible for a grown man to say he was with his mother and by her side for 20 some days" over the victim's vacation. *Id.* at 43-44.

Based on the foregoing, counsel's decision not to call Appellant's mother as an alibi witness had a reasonable, objective basis. *See Johnson*, 966 A.2d at 533. Consequently, this Court discerns no legal error in the PCRA court's denial of Appellant's first claim of ineffective assistance of counsel. *See Springer*, 961 A.2d at 1267.

Appellant next claims that the victim's in-court identification was improper and counsel was ineffective for failing to object and preserve this

issue for appeal. Appellant's Brief at 7-8. Specifically, Appellant contends that the Commonwealth "expressly engaged in leading questions and afforded distinct assistance relative to the alleged victim's basic identification of [Appellant] within the courtroom during her testimony." *Id.* at 7. Further, Appellant argues that the victim "actually identified his brother … based upon his location in the court room and his clothing and facial hair at the time of trial." *Id.* at 8.

The PCRA court addressed this claim as follows.

Trial counsel need not forward every possible objection at a trial to be constitutionally effective. ***Commonwealth v. Koehler***, 36 A.3d 121, 146 (Pa. 2012). The decision when and if to interrupt with an objection is often "a function of overall defense strategy being brought to bear upon issues which arise unexpectedly at trial and require split-second decision-making by counsel." *Id*. Consequently, trial counsel may forego objecting to prevent highlighting the objectionable remark to the jury. *Id*.

In [Appellant's] case there was never a question of identity of the perpetrator. [Appellant] was a friend of [the victim's] family for years and specifically knew [the victim's] sister. In [the victim's] words, she had known him "forever." After this testimony, [the victim] identified [Appellant] in the courtroom:

[District Attorney]: Is [Mason Swanson] in the courtroom today?

[The Victim]: Yes.

[District Attorney]: Could you please point to him and say what he is wearing?

[The Victim]: A tie.
[District Attorney]: May need to be a little more specific.

[The Victim]: Tie and a coat.

[District Attorney]: Does he have a beard?

[The Victim]: Yeah.

[District Attorney]: Can you be a little more specific
as to the color of his tie, []?
Look over there.

[The Victim]: Black and gold.

[District Attorney]: Okay. Your Honor is that enough
to-

THE COURT: Yes, I think so.

[District Attorney]: Thank you. All right. Thank you.

THE COURT. Okay. The record shall reflect she's
identified the defendant.

[The victim] identified [Appellant] in the courtroom by pointing and describing an article of his clothing. While at first the identification was not very specific, it was in line with the appearance of [Appellant]. Importantly, the identification came immediately after [the victim] testified she knew [Appellant] since she was very young and knew him by name. Objecting at that time could have unnecessarily highlighted that [Appellant] and [the victim] knew each other prior to the incident reaffirming the identification.

Additionally, the objection would have been at odds with [Appellant's] overall trial strategy. [Appellant's] defense was not one of mistaken identity where the perpetrator was a misidentified stranger. Instead, [Appellant] argued the events were fabricated and attacked the victim's credibility based on inconsistent statements.

Finally, it was the [c]ourt who determined enough testimony had been adduced for an in court identification. Thus, [Appellant's] current argument required counsel to object to an identification that had already been affirmed by the presiding judge in the presence of the jury. Such an objection would have been fruitless at that time.

PCRA Court Opinion, 3/8/2016, at 4-6 (citations to notes of testimony omitted).

The PCRA court concluded that Appellant's argument on this issue lacked arguable merit. We agree. The district attorney's questions were not leading, and the in-court identification was confirmed by the trial court. Moreover, Appellant's contention that the victim mistakenly identified his brother as "Mason Swanson" lacks support from the record.[4] Accordingly, we find that counsel was not ineffective in failing to object to the victim's in-court identification. *See **Commonwealth v. Tilley***, 80 A.2d 649 (Pa. 2001) (holding that counsel will not be deemed ineffective for failing to raise a meritless claim).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2017

---

[4] At the evidentiary hearing, trial counsel testified that he discerned no issue with the victim's in-court identification. He recalled that the victim pointed at Appellant when asked to identify Mason Swanson, and that she accurately described what he was wearing. Appellant was the only other person seated at counsel table and counsel stated that the victim did not point to or identify anyone in the gallery. N.T., 2/24/2016, at 39-40.