**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Carl W. SPRINGER, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 25, 2008.

Filed Dec. 1, 2008.

Kenneth M. Baldonieri, Greensburg, for appellant.

Karen A. Gelety, Asst. Dist. Atty., Greensburg, for the Com., appellee.

BEFORE: BENDER, FREEDBERG, and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Carl W. Springer appeals the order denying his Post Conviction Relief Act (PCRA)[1] petition claiming that the sentence imposed was illegal; and counsel was ineffective for permitting him to plead guilty. We affirm.

¶ 2 The facts and procedural history of this case are as follows:

[Appellant] pleaded guilty on September 9, 2003 to Burglary, Theft, Receiving Stolen Property, Criminal Mischief and Possession with Intent to Deliver at Criminal Number 982 C 2003. The factual basis of the plea was [Appellant's] forced entry into Hayden's Pharmacy on November 14–15, 2001.

On the date of his plea, [Appellant] completed a Guilty Plea Petition in which he acknowledged the rights he was foregoing and his understanding of the charges and their respective sentences. He indicated that he wished to plead guilty because, he noted, "It is in my best interests." (See Guilty Plea Petition dated September 9, 2003.) Subsequent to the completion of the Guilty Plea Petition, [Appellant] appeared before th[e trial c]ourt, at which time a colloquy conducted by the [trial c]ourt demonstrated that he understood both the nature of the charges, the penalty for each charge, and the rights he was forfeiting.

[Appellant] appeared for sentencing on January 29, 2004. The [trial c]ourt had ordered a Pre–Sentence Report that was made available to his counsel. (NT 2–3.) Although there was a general plea of guilty, defense counsel requested that [Appellant's] sentence run concurrently with sentences imposed in Cambria County. (NT 9.) The [trial c]ourt agreed to this proposal. (NT 10.) [Appellant] was given an opportunity to speak, which he refused.

A sentence of 5–10 years was imposed on Count I, Burglary, and 2–4 years imposed at Count V, Possession with Intent to Deliver, to run consecutively to Count I. Restitution was ordered. The remaining charges either merged or no further sentence was imposed. Further, the sentences were ordered to be concurrent with the sentence imposed in Cambria County. [Appellant] was informed of his appeal rights. [No post-sentence motions or appeals to any appellate court were filed. However, o]n January 23, 2005, [Appellant] filed a Petition for Post Conviction Collateral Relief [seeking the appointment of counsel and correction of his sentence to conform with the law].[2] On March 28, 2007,

---

1. 42 Pa.C.S.A. §§ 9541–9546.

2. Appellant wrote a letter dated January 1, 2007, to the President Judge of Westmoreland

[...] counsel [other than guilty plea counsel] was appointed. Counsel filed an Amendment to the Petition for Post Conviction Collateral Relief as well as a Second Amended Petition for Post Conviction Relief.

Trial court opinion, 11/02/07, at 1–2. The Commonwealth filed an answer to Appellant's second amended PCRA petition. By order dated October 31, 2007, the PCRA court filed a notice of intention to dismiss Appellant's PCRA petition, which occurred without a hearing on December 7, 2007. Appellant filed the present appeal on December 26, 2007, and submitted a Pa.R.A.P. 1925(b) statement raising four issues, but, on appeal, the claims were reduced to two, the first of which posits:

> WHETHER THE PLEA COURT SET AN ILLEGAL SENTENCE WHEN IT FAILED TO MERGE POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCE WITH BURGLARY AND SENTENCED APPELLANT TO SERVE A CONSECUTIVE SENTENCE FOR POSSESSION WITH INTENT TO DELIVER CONTROLLED SUBSTANCE IN VIOLATION OF 18 Pa.C.S.A. § 3502(d), AS THE CRIME OF POSSESSION WITH INTENT TO DELIVER CONTROLLED SUBSTANCE WAS AN INTENDED OFFENSE TO BE COMMITTED BY APPELLANT AFTER THE BURGLARIOUS ENTRY?

■■■ ¶ 3 In reviewing the propriety of a PCRA court's order dismissing a PCRA petition, we are limited to determining whether the PCRA court's findings are supported by the record and whether the order in question is free of legal error. *Commonwealth v. Ragan*, 592 Pa. 217, 220, 923 A.2d 1169, 1170 (2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Spencer*, 892 A.2d 840, 841 (Pa.Super.2006) (citation omitted). Moreover, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa.Super.2008), *appeal denied*, 956 A.2d 433 (Pa.2008) (*citing Commonwealth v. Barbosa*, 819 A.2d 81 (Pa.Super.2003)); Pa.R.Crim.P. 907(2). A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa.Super.2001) (citation omitted).

■■■ ¶ 4 Initially, we shall address Appellant's argument that his possession with intent to deliver conviction "was an intended offense to be committed after the burglarious entry[,]" and, therefore, it should have merged for sentencing purposes with the burglary conviction.[3] Appellant's brief, at 6.

---

County making inquiry into why no action had been taken on his *pro se* PCRA petition filed January 23, 2005, seeking the appointment of counsel to aid him in his post-conviction collateral proceedings. By order dated March 28, 2007, the PCRA court appointed counsel to assist Appellant in his PCRA efforts, which resulted in the submission of two amended PCRA petitions filed on Appellant's behalf.

**3.** In essence, Appellant's first issue relates to whether the sentence imposed is illegal. *See* Appellant's brief, at 3. The legality of the sentence is a nonwaivable issue that may be raised by this Court *sua sponte*. *Common-*

¶ 5 The determination of whether crimes merge for sentencing purposes has posed problems in this Commonwealth, as is evident by the recent Supreme Court decision in *Commonwealth v. Jones*, 590 Pa. 356, 912 A.2d 815 (2006) (plurality), *reargument denied*, 2007 Pa. Lexis 381 (filed February 20, 2007), wherein a majority of the high Court could not agree on what approach (a fact-based or an element-based analysis) to embrace in a merger context. As a result, a panel of this Court adopted the dissent's view in *Jones* (an element-based tact) to resolve a merger question. *See Commonwealth v. Williams*, 920 A.2d 887 (Pa.Super.2007). *Accord Commonwealth v. Ede*, 949 A.2d 926, 933 (Pa.Super.2008); *Commonwealth v. Martz*, 926 A.2d 514 (Pa.Super.2007), appeal denied, 596 Pa. 704, 940 A.2d 363 (2008). The exception to *Williams* is when a statute dictates the manner and method by which merger will occur. *See Commonwealth v. Burkhardt*, 526 Pa. 341, 346, 586 A.2d 375, 377–78 (1991) ("[I]n the context of simultaneous convictions of multiple offenses, pursuant to guilty pleas or trial verdicts, the trial court may sentence separately for each distinct statutory crime of which the defendant is convicted, limited only by express legislative intent to the contrary." (footnotes omitted)).

¶ 6 There is statutory authority for the proposition that, under the particular facts at bar, burglary does not merge with the possession with intent to deliver offense. 18 Pa.C.S.A. § 3502(d) provides that, "A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree." *See Commonwealth v. Jefferson*, 307 Pa.Super. 18, 452 A.2d 881

*wealth v. Ede*, 949 A.2d 926, 929 (Pa.Super.2008) (citations omitted).

(1982) ("conviction" as used in the burglary statute refers to judgment of sentence, not verdict).

¶ 7 The Commonwealth's evidence on the charge of burglary was that Appellant "entered a building or occupied structure or separately secured or occupied portion thereof, namely Haydens Pharmacy located on Route 119, Youngwood Borough, with the intent to commit a crime therein, at a time when the premises were not open to the public and [Appellant] was not licensed or privileged to enter, in violation of Section 3502 of the Pennsylvania Crimes Code." *See* Commonwealth's Criminal Action No. 982 of 2003; Record No. 4. One of the crimes the Commonwealth charged Appellant with committing once inside the pharmacy was (at Count 5) taking unlawful control over movable property, namely, various narcotics having an approximate value of eight-thousand dollars belonging to the pharmacy, all in violation of Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113(a)(30). *Id.*

¶ 8 Violation of 35 P.S. § 780–113(a)(30), possession with intent to deliver a controlled substance (cocaine), is a felony carrying a sentence not exceeding ten years and/or the payment of a fine not exceeding one hundred thousand dollars. 35 P.S. § 780–113(f)(1.1); N.T. Guilty Plea, 9/9/03, at 10 ("[COURT:] Count 5 is Possession with Intent to Deliver a Controlled Substance, a felony under the Drug Act. It is a Schedule II controlled substance, cocaine. A Schedule II narcotic carries a maximum punishment of ten years in jail and a 100 thousand dollar fine."); N.T. Sentencing, 1/29/04, at 12 ("[COURT:] At [Criminal Action] No. 982 of 2003, you [Appellant] are sentenced to not less than seven nor more than fourteen years, to run concur-

rently with the sentence at [Criminal Action No.] 980 [of 2003]. Counts 2 and 3 merge for purposes of sentencing. Count 4, no further sentence. At Count 5, [which is possession with intent to deliver], you will serve a sentence of not less than two nor more than four years to run [consecutively] to the sentence imposed at Count 1[, which is burglary, a sentence of five to ten years].”); *Id.* at 18 (“Count 5, two to four years consecutive to Count 1.”).[4]

¶ 9 Therefore, under the clear language of § 3502(d), the possession with intent to deliver charge (a felony of the second degree, 18 Pa.C.S.A. § 1103(2)) did not merge with burglary. *Compare Commonwealth v. Whetstine,* 344 Pa.Super. 246, 496 A.2d 777, 780 (1985) (attempted involuntary deviate sexual intercourse charge did not merge with burglary); *Commonwealth v. Simpson,* 316 Pa.Super. 115, 462 A.2d 821 (1983) (Appellant could be sentenced for both burglary and attempted rape under 18 Pa.C.S.A. § 3502(d) because the latter offense is a felony of second degree.); *contrast Commonwealth v. Sheppard,* 837 A.2d 555, 557 (Pa.Super.2003) (Appellant argued that he could not be convicted of burglary and underlying misdemeanor offense of possession of a controlled substance; trial court agreed with respect to drug charge and entered a verdict of not guilty.); *Commonwealth v. Couch,* 731 A.2d 136, 144 (Pa.Super.1999) (trial court did not err in imposing separate sentences for conviction for burglary and concealing whereabouts of child; underlying crime intended to be committed within residence at time of burglary was interfering with custody of child, not con-

cealing whereabouts of child.); *Commonwealth v. Benchoff,* 700 A.2d 1289 (Pa.Super.1997), *appeal denied,* 567 Pa. 735, 788 A.2d 372 (2001) (not permissible for trial court to sentence defendant for both burglary and simple assault, where simple assault is offense which defendant intended to commit once inside premises). Therefore, Appellant’s sentencing argument is without merit.

¶ 10 Next, we turn to Appellant’s second contention, which questions:

> WHETHER PLEA COUNSEL WAS INEFFECTIVE IN PERMITTING APPELLANT TO PLEAD GUILTY AND BE SENTENCED TO COUNT FIVE (5) OF THE CRIMINAL INFORMATION, POSSESSION WITH INTENT TO DELIVER CONTROLLED SUBSTANCE, AND/OR INEFFECTIVE IN FAILING TO A FILE *[sic]* AN APPEAL AS TO SAID COUNT, WHEN THE COMMONWEALTH AGREED, PER THE TENTATIVE PLEA AGREEMENT, TO *NOLLE PROSSE* SAID COUNT?

¶ 11 The standard for deciding ineffective assistance of counsel claims is well settled. In order to review an ineffectiveness of counsel claim, Appellant is required to make a showing that: (1) the claim is of arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the case would have been different. *Commonwealth v. Brown,* 767 A.2d 576, 581 (Pa.Super.2001). We presume counsel is effec-

---

4. The trial court’s commitment sheet, by which the tribunal informs prison officials of the sentence it has imposed, indicated that Appellant’s sentence was recorded as two to four years for possession with intent to deliver, and the sentence was ordered to be served “consecutively” to burglary. *See* Record No.

15. The sentence imposed was above the guidelines, which was prompted by the fact that the sentence was directed to run concurrently on multiple cases involving Appellant. *See* Record No. 16 (Pennsylvania Commission on Sentencing—Guideline Sentence Form).

tive and place upon Appellant the burden of proving otherwise. *Id.* (citations omitted). Further, this Court will grant relief only if Appellant satisfies each of the three prongs necessary to prove counsel ineffective. *Commonwealth v. Natividad,* 595 Pa. 188, 208, 938 A.2d 310, 322 (2007) (citation omitted). In other words, we may deny any ineffectiveness claim if "the evidence fails to meet a single one of these [three] prongs." *Id.,* at 207–08, 938 A.2d at 321 (quoting *Commonwealth v. Basemore,* 560 Pa. 258, 294 n. 23, 744 A.2d 717, 738 n. 23 (2000)).

■ ¶ 12 The ineffective assistance of counsel claim need not detain us long because the guilty plea referenced by Appellant was a "tentative" plea agreement that he refused, and, as such, was not binding upon the trial court; to-wit:

> [Appellant] claims that the [trial c]ourt failed to accept the *nolle prosse* of Count V, Possession with Intent to Deliver. Although a *nolle prosse* had been discussed as part of a tentative plea agreement, that [a]greement was refused and therefore its terms were not binding upon the [trial c]ourt. The [trial c]ourt elected, at the time of the general plea of guilty, to sentence [Appellant] to 2–4 years on this Count V, a decision amply within its discretion.

Trial court opinion, 11/2/07, at 5. We agree with the observations of the trial court. *Cf. Commonwealth v. Culbreath,* 439 Pa. 21, 264 A.2d 643 (1970) (trial court not bound by discussions by prosecutor and defense counsel occurring in his presence as to sentence; guilty plea could not be withdrawn because sentence longer than anticipated); *Commonwealth v. Senauskas,* 326 Pa. 69, 191 A. 167 (1937) (Appellant not entitled to withdraw guilty plea based on trial court reneging on agreement to impose a specific sentence because there was no agreement by the trial court to do so). We would also add that a review of the guilty plea colloquy shows that Appellant understood each and every charge before pleading guilty. For example, Appellant stated that no threats or promises were made to cause him to plead guilty. N.T. Guilty Plea, 9/9/03, at 5. The trial court also detailed the elements and facts surrounding the charges listed by the Commonwealth at Criminal Action No. 982 of 2003 (burglary, theft by unlawful taking or disposition, receiving stolen property, criminal mischief, and possession with intent to deliver a controlled substance).

¶ 13 Likewise the trial court outlined the offenses and facts underlying the other six cases lodged by the Commonwealth against Appellant at Criminal Action Nos. 980, 981, 983 C of 2003; Nos. 1464, 1463 C of 2003; and No. 1730 C of 2003. Further, Appellant's "Guilty Plea" form detailed his awareness of all seven Criminal Actions filed by the Commonwealth, the nature of the charges, the elements of each offense, and the consequences of entering a guilty plea—the sentence to be imposed would be concurrent to the one issued by Cambria County and not exceed seven to fourteen years imprisonment, which is what occurred. *See* N.T. Sentencing, 1/29/04, at 9–10, and 11–12; N.T. Guilty Plea, 9/9/03, at 4; Record No. 10. ("Guilty Plea" form).

¶ 14 In light of the aforementioned, Appellant's claim that counsel's ineffectiveness induced him to enter into an involuntary, unknowing, and unintelligent guilty plea is without merit. *Commonwealth v. Edwards,* 417 Pa.Super. 555, 612 A.2d 1077 (1992). Accordingly, finding no merit in any of the claims raised, we affirm the order denying Appellant's PCRA petition.

¶ 15 Order affirmed.