J-S40019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GERRY BURNS | |
| Appellant | No. 393 EDA 2015 |

Appeal from the PCRA Order December 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0802891-2005

BEFORE:  BOWES, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED AUGUST 19, 2016**

Appellant, Gerry Burns, appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 21, 2006, a jury convicted Appellant of involuntary deviate sexual intercourse, sexual assault, aggravated indecent assault, and indecent assault.  On March 29, 2007, the trial court, Hon. Lillian Ransom, sentenced Appellant to an aggregate 80 to 160 months' incarceration.  The PCRA court summarized the subsequent procedural posture as follows:

> A post sentence motion was timely filed on April 5, 2007, and denied by operation of law on August 3, 2007.  On August 14, 2007, Appellant filed a timely Notice of Appeal.  On September 18, 2007, th[e trial c]ourt ordered Appellant to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b).  On October 9, 2007,

Appellant filed a timely 1925(b) statement. An Opinion was filed on January 11, 2008. On December 31, 2009, the Superior Court affirmed Appellant's judgment of sentence. A Petition for Allowance of Appeal was filed in the Supreme Court on February 1, 2010, and was subsequently denied on September 14, 2010.

On March 7, 2011, Appellant filed a timely *pro se* PCRA Petition and J. Matthew Wolfe, Esquire, was appointed counsel on July 7, 2011. A motion for continuance was granted on December 15, 2011. On July 9, 2013, counsel filed an Amended PCRA Petition on Appellant's behalf. The Commonwealth filed a Motion to Dismiss on September 24, 2014. On November 25, 2014, th[e PCRA c]ourt filed a Dismissal Notice pursuant to Rule 907. On December 29, 2014, Appellant's PCRA petition was formally dismissed by th[e PCRA c]ourt.

Appellant filed a timely Notice of Appeal … .[1] On February 4, 2015, th[e PCRA c]ourt ordered Appellant to file a concise, self-contained and intelligible statement of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. A timely 1925(b) statement was filed on February 24, 2015.

PCRA Court Opinion, 6/25/15, at 1-2.

---

[1] Although the trial court docket indicates that the notice of appeal was filed on January 30, 2015, our review of the certified record shows that the notice of appeal is stamped "FILED Jan 22 2015 Criminal Appeals Unit First Judicial District of PA." Moreover, Appellant filed the notice of appeal *pro se* from prison, such that his appeal is timely pursuant to the "Prisoner Mailbox Rule." **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) (the rule that an appeal by a *pro se* prisoner is deemed filed on the date the prisoner deposits the notice of appeal with prison authorities and/or places it in a prison mailbox, even though the court does not receive it until after the deadline for filing an appeal, extends to all appeals by *pro se* prisoners).

On appeal, Appellant presents the following issue for our review:

> Did the [PCRA c]ourt err in failing to hold an evidentiary hearing to determine the credibility of the new evidence uncovered, the credibility of witnesses that were not called by trial counsel and to determine whether it was ineffective assistance of counsel for the witnesses to have not been called?

Appellant's Brief at 9.

Preliminarily, we recognize that in reviewing the propriety of the PCRA court's order denying Appellant relief, we are limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). We pay great deference to the factual findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Id.* The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that no genuine issues of material fact have been raised, no legitimate purpose would be served by further proceedings, and the petitioner is not entitled on the merits to post-conviction relief. Pa. R.Crim.P. 909(B).

Here, because the PCRA court denied Appellant's petition without a hearing, we "must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008) (internal citation omitted). Instantly, Appellant

asserts that the PCRA court's failure to conduct an evidentiary hearing improperly precluded him from presenting newly discovered evidence, as well as evidence of trial counsel's ineffectiveness. Appellant's Brief at 12-18. After reviewing the record, the parties' briefs, and prevailing legal authority, we conclude that the PCRA court has ably addressed Appellant's claims of error in its opinion, citing and discussing pertinent statutes and case law, as well as notes of testimony, to support its determination that an evidentiary hearing was not warranted because "no genuine issues of material fact were raised [such that] no legitimate purpose would have been served by further proceedings." PCRA Court Opinion, 6/25/15, at 12. Accordingly, we adopt the PCRA court's June 25, 2015 opinion as our own in disposing of this appeal. The parties shall attach a copy of the trial court's June 25, 2015 opinion in the event of further proceedings in this matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2016