J-S06030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALIK  WARE | : | |
| | : | |
| Appellant | : | No. 2215 EDA 2016 |

Appeal from the PCRA Order June 3, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007621-2009

BEFORE:   MOULTON, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 05, 2017**

Appellant, Malik Ware, appeals from the order entered June 3, 2016, denying his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In April 2010, following a jury trial, Appellant was found guilty of two counts of attempted murder; two counts of aggravated assault; carrying a firearm without a license; two counts of possession of an instrument of crime; and two counts of recklessly endangering another person.[1]  In November 2010, Appellant was sentenced to two, consecutive terms of twenty-five years to life for two counts attempted murder.  Appellant received no further penalty on the remaining charges.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] Respectively, 18 Pa.C.S.A. §§ 901, 2702, 6106, 907, 2705.

This Court affirmed the judgment of sentence on direct appeal, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Ware*, 60 A.3d 848 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 68 A.3d 908 (Pa. 2013).

On August 29, 2013, Appellant timely filed a PCRA petition *pro se*. In June 2014, through appointed counsel, an amended PCRA petition was filed. The amended petition sought relief on two grounds, (1) imposition of an illegal sentence and (2) ineffective assistance of counsel. In June 2015, Appellant's petition was granted in part, and in June 2016, Appellant was resentenced.[2] Appellant's ineffective assistance of counsel claim was dismissed without a hearing.

In June 2016, Appellant timely appealed and thereafter filed a court-ordered 1925(b) statement. The court issued a responsive opinion.

Appellant raises the following issue on appeal:

Did the PCRA court commit an abuse of discretion by denying Appellant PCRA relief in the form of an evidentiary hearing and then the grant of a new trial on his claim alleging that [t]rial counsel was ineffective for failing to present the testimony of eyewitness Tanesha Washington at trial?

Appellant's Brief at 3.

_____

[2] On June 3, 2016, the court imposed a new sentence, a consecutive term of ten to twenty years' incarceration for the two attempted murder convictions, and a consecutive five to ten years' incarceration for the possession of a firearm by a prohibited person conviction.

In this case, the PCRA court dismissed Appellant's petition without a hearing. ***See*** PCRA court order 6/3/16, at 1 (citing in support Pa.R.Crim.P. 907). There is no absolute right to an evidentiary hearing. ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Id.***

We presume counsel is effective. ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence that: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A claim will be denied if the petitioner fails to meet any one of these requirements. ***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007)); ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Appellant contends that trial counsel was ineffective for failing to call Tanesha Washington as a trial witness. In support of this claim, Appellant submitted the investigation interview record from the potential witness.

Specifically, Ms. Washington attested that, on the night of the incident she heard several gunshots. *See* Investigation Interview Record, 4/12/09 at 2. According to Ms. Washington, she was sitting in her car when she observed one man ducking and two other men shooting at each other. *Id.* Ms. Washington provided a description of two of the men she saw. *Id.* at 3-4. Ms. Washington was unable to provide a description of the third man or the guns, and she did not witness anyone being shot. *Id.*

Appellant suggests that Ms. Washington would testify that the Appellant did not fit the description of the two men she observed in the shooting. Thus, her testimony "could have cast serious and substantial doubt on the Commonwealth's case". Appellant's brief at 16.

In order to establish ineffectiveness for failure to call a witness, a petitioner must demonstrate:

> (1) The witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1109 (Pa. 2012) (citing ***Commonwealth v. Johnson***, 966 A.2d 523, 536 (Pa. 2009)).

Here, Appellant's claim is devoid of merit. Appellant's conviction was supported by eyewitness accounts including testimony that Appellant stated, "Can you take me somewhere? Please, please, I just killed somebody." Notes of Testimony, 4/22/10, at 41. Weighed against this compelling evidence, the proffered testimony of Ms. Washington is immaterial. Ms. Washington did not witness anyone being shot, nor could she describe the gun or the third individual she saw. Furthermore, Appellant fails to establish that Ms. Washington was available or willing to testify at trial. Accordingly, Appellant cannot demonstrate that the absence of Ms. Washington's testimony was so prejudicial as to have denied him a fair trial. *Sneed*, 45 A.3d at 1109.

For the above reasons, we discern no error in the PCRA court's decision to dismiss Appellant's petition without a hearing. Appellant's claim is without merit. He is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2017