J-S17028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TROY BAYLOR | |
| Appellant | No. 1233 EDA 2016 |

Appeal from the PCRA Order entered March 28, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0007889-2009

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 17, 2017**

Appellant, Troy Baylor, appeals from the March 28, 2016 order reinstating a December 15, 2014 order entered in the Court of Common Pleas of Philadelphia County, denying Appellant's petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Following review, we affirm.

As this Court explained in its memorandum opinion affirming Appellant's judgment of sentence:

> Over a four-year period from 2004 to 2008, Appellant and his co-conspirators were involved in an elaborate scheme that involved the fraudulent transfer of real property in the City and County of Philadelphia.  They forged documents that ostensibly permitted their bearers to enter vacant houses and actually sold homes to which they did not have title.  The buyers paid anywhere from $100 to $1,000 to gain entrance to the houses, and then tendered additional sums for the purchase of the homes and receipt of the notarized deeds to the property.  The

deeds proved to be fake and the sales were not authorized by the lawful owners.

Appellant was tried with two co-defendants; twelve other co-conspirators pled guilty. Following Appellant's conviction and sentencing, he filed a post-sentence motion that was denied without a hearing on May 26, 2010. Appellant timely appealed on June 15, 2010, but that appeal was dismissed. This Court reinstated Appellant's appeal on September 27, 2010, and on November 23, 2010, Appellant complied with an order to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. The trial court filed its Rule 1925(a) opinion on April 21, 2011.

*Commonwealth v. Baylor*, 1592 EDA 2010, unpublished memorandum (Pa. Super. filed May 23, 2012). Of note is the fact Appellant ultimately pursued his direct appeal *pro se*; that this Court recognized he was entitled to counsel on direct appeal; and that the trial court determined, after a *Grazier*[1] hearing, that Appellant's request to proceed *pro se* on appeal was knowing, intelligent, and voluntary. *Id.* at 1. Also of note is the fact Appellant raised six issues on direct appeal, including sufficiency of evidence with respect to his various convictions, including specifically his conviction for the crime of corrupt organizations. *Id.* at 3 (quoting Appellant's Brief at 4-10). This Court determined that the evidence was sufficient to support Appellant's corrupt organizations. *Id.* at 5-7.

On April 2, 2013, Appellant filed a timely *pro se* PCRA petition, followed by supplemental petitions on May 6, July 15, and November 25,

_____

[1] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

2013. Counsel was appointed and once again Appellant sought to proceed *pro se*, a request granted following another **Grazier** hearing. The PCRA court dismissed Appellant's petition without a hearing and Appellant filed a *pro se* appeal to this Court. On January 20, 2016, we remanded for appointment of appellate counsel. The PCRA court appointed counsel and, on March 28, 2016, reinstated its December 15, 2014 order dismissing Appellant's PCRA petition. Appointed counsel then filed the instant appeal and a Rule 1925(b) statement contending the PCRA court erred in dismissing Appellant's petition without a hearing "even though [Appellant] properly pled, and could have proven, cause for relief as appellate counsel was ineffective for failing to raise the meritorious issue on appeal that there was insufficient evidence to sustain the guilty verdicts." Appellant's Rule 1925(b) Statement, 5/18/16, at 1.

The briefing schedule issued by this Court required that Appellant file his brief on or before July 18, 2016. Appellant did not seek an extension but simply filed a late brief on August 16, 2016. Clearly, the brief was untimely filed. **See** Pa.R.A.P. 2185(a)(1). However, the Commonwealth did not object. In fact, despite securing two extensions of time within which to submit its brief, the Commonwealth did not file an appellate brief. Therefore, in spite of the untimeliness of Appellant's brief, we elect to address the appeal in accordance with our discretion under Pa.R.A.P. 105(a).

*See AmerisourceBergen Corp. v. Doe*, 81 A.3d 921, 923 n. 1 (Pa. Super. 2013).

This Court has explained:

In reviewing the propriety of a PCRA court's order dismissing a PCRA petition, we are limited to determining whether the PCRA court's findings are supported by the record and whether the order in question is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Moreover, there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

*Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008) (internal quotations, citations, and alterations omitted); *see also Commonwealth v. Baumhammers*, 92 A.3d 708, 726 (Pa. 2014) ("To obtain reversal of a PCRA court's summary dismissal of a petition, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief.").

Here, the PCRA court determined that Appellant was "attempt[ing] to revive a previously litigated claim by couching it in terms of an ineffective assistance of counsel claim." PCRA Court Opinion, 6/26/16, at 2. "Generally, a PCRA petition cannot obtain post-conviction review of claims that were previously litigated by alleging ineffectiveness of prior counsel and presenting new theories to support the previously litigated versions of the

claims." **Id.** (citations omitted). As the PCRA court correctly recognized, "Under the PCRA, a claim is previously litigated if, *inter alia*, the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." **Id.** (citing 42 Pa.C.S.A. § 9545(a)(2)).

The PCRA court noted:

[Appellant's counsel] filed a post-sentence motion wherein he argued, *inter alia*, that there was insufficient evidence to sustain the jury's verdict of guilt. He also filed a Rule 1925(b) Statement raising this argument. Furthermore, while his appeal was still pending before the Superior Court, Appellant filed a motion to proceed *pro se*, which was granted after a **Grazier** hearing. Appellant thereafter filed three *pro se* appellate briefs wherein he argued that the evidence was insufficient to sustain his convictions. The Superior Court held that the evidence was sufficient to support each of Appellant's convictions. . . . Therefore, Appellant's claim that counsel was ineffective for failing to argue on direct appeal that there was insufficient evidence to sustain the jury's verdict of guilt has not only been previously litigated, but is also without merit.

**Id.** at 3-4 (citation omitted).

The record reveals that Appellant's counsel did raise sufficiency in a post sentence motion and in a Rule 1925(b) statement, and that Appellant himself briefed the issue after being permitted to proceed *pro se*. We conclude that the PCRA court's findings are supported by the record and we find no legal error in its determination that a hearing was not necessary to establish that Appellant's claim was previously litigated and wholly without merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2017