J-S50007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                       : PENNSYLVANIA

                  :

            v.               :

                  :

PAUL BARONE, JR.         :

                  :

           Appellant      : No. 1528 WDA 2018

Appeal from the PCRA Order Entered October 1, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006683-2013

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY LAZARUS, J.: **FILED OCTOBER 24, 2019**

Paul Barone, Jr. appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing without a hearing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

In the early morning hours of March 3, 2013, Barone left Club Pink with Travon Fuller. Barone retrieved a .40 caliber Glock pistol from the glove compartment of Fuller's black Audi. Barone then walked to the club parking lot to find John Scott, a friend who had come with him to the club. While looking for Scott, Barone noticed people in the parking lot "getting guns out from under the hood" of a Dodge Intrepid. N.T. Trial, 8/20/15, 102. Barone

_____

* Retired Senior Judge assigned to the Superior Court.

located Scott and they both returned to Fuller's vehicle. As they approached Fuller's vehicle, Barone exchanged gunfire with unidentified individuals. While being fired upon, all three fled the area inside Fuller's vehicle. John Sumpter, who was sitting in the Intrepid, died from a .40 caliber bullet wound to the head.

Barone was charged with criminal homicide,[1] and carrying a firearm without a license.[2] At trial, Barone's counsel argued that Barone was justified in firing his weapon in self-defense. A jury found Barone guilty of all charges, and on August 20, 2015, Barone was sentenced to life imprisonment without the possibility of parole and a concurrent 2-4 year's imprisonment. After filing post-sentence motions, Barone timely appealed and this court affirmed his judgment of sentence on June 21, 2017. ***Commonwealth v. Barone***, 232 WDA 2018 (Pa. Super. filed 6/21/17) (unpublished memorandum). Barone did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. On June 18, 2018, Baron filed a counseled PCRA petition, which was dismissed without a hearing on October 1, 2018. This timely appeal followed.

Barone's sole argument on appeal is that the PCRA court improperly dismissed his petition without a hearing because his trial counsel was ineffective for failing to request a jury instruction on imperfect self-defense.

---

[1] 18 Pa.C.S.A. § 2501(a).

[2] 18 Pa.C.S.A. § 6106.

There is no absolute right to an evidentiary hearing on a PCRA petition. ***Commonwealth v Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. Pa.R.Crim.P. 907; ***Commonwealth v. Cousar***, 154 A.3d 287, 297 (Pa. 2017).

Barone's issue concerns trial counsel's effectiveness. We presume counsel was effective, and it is Barone's burden to prove otherwise. ***See Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014). To prevail on an ineffectiveness claim, Barone must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

***Commonwealth v. Lesko***, 15 A.3d 345, 373 (Pa. 2011). Barone must prove each element; merely alleging each element is not sufficient. ***See Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015). A reasonable basis does not require that counsel chose the most logical course of action, but that the decision had some reasonable basis. ***Commonwealth v. Bardo***, 105 A.3d 678, 684 (Pa. 2014). "To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." ***Mason***,

130 A.3d at 618 (citing **Strickland v. Washington**, 466 U.S. 668, 684 (1984)).

Self-defense and imperfect self-defense share many elements. For a defendant to prevail on a theory of self-defense, there must be evidence that: 1) the defendant reasonably believed he was in imminent danger of death or serious bodily harm and deadly force was necessary to prevent the harm; 2) the defendant was free from fault in provoking the situation that ended in death; and 3) the defendant could not have retreated in complete safety. **See Commonwealth v. Sepulveda**, 55 A.3d 1108, 1124 (Pa. 2012). Imperfect self-defense is established when the defendant actually, but unreasonably, believed that deadly force was necessary. **Commonwealth v. Son Truong**, 36 A.3d 592, 599 (Pa. Super. 2012). However, the defendant must still meet the other two elements of self-defense. **Id.**

Here, Barone has failed to prove that trial counsel was ineffective because he is unable to show that he suffered prejudice from counsel's alleged error. Both self-defense and imperfect self-defense require a showing that Barone could not retreat safely. **See Sepulveda**, 55 A.3d at 1124. However, the evidence at trial showed that Barone had multiple opportunities to retreat safely. **See** Trial Court Opinion, 6/29/16, at 12. Thus, the outcome of the trial would have been the same under an imperfect self-defense theory because Barone did not retreat when he was able. Therefore, counsel was not ineffective because his actions did not prejudice Barone.

Order affirmed.

Judge Murray joins this Memorandum.

Judge Colins files a Dissenting Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2019