J-A11029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAIKEL POULICZEK | |
| Appellant | No. 652 EDA 2021 |

Appeal from the PCRA Order Entered March 30, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0009772-2009

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAIKEL POULICZEK | |
| Appellant | No. 653 EDA 2021 |

Appeal from the PCRA Order Entered March 30, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0009774-2009

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAIKEL POULICZEK | |
| Appellant | No. 655 EDA 2021 |

Appeal from the PCRA Order Entered March 30, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006021-2011

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MAIKEL POULICZEK | |
| Appellant | No. 660 EDA 2021 |

Appeal from the PCRA Order Entered March 30, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0013166-2010

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 27, 2022**

Appellant, Maikel Pouliczek, appeals *pro se* from the March 30, 2021 orders denying his petitions for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-45.  We affirm.

These consolidated cases arise from a series of offenses, beginning with Appellant's assault of his former wife, Barbara Zangerl.  Next, while incarcerated for an unrelated matter, Appellant asked a fellow inmate, Luis Gonzalez, to arrange Zangerl's murder.  Finally, Appellant sought to arrange Gonzalez' murder after he learned that Gonzalez divulged to authorities Appellant's solicitation of Zangerl's murder.

The parties proceeded to a jury trial on all charges. Prior to trial, the trial court granted the Commonwealth's consolidation motion without opposition from Appellant. Also, the trial court denied Appellant's motion for discharge pursuant to Pa.R.Crim.P. 600. Finally, the trial court rejected Appellant's guilty plea. Just before jury was set to begin, Appellant expressed his wish to plead guilty and requested time to consult with the Austrian Embassy about the prospect of immediate deportation. The trial court rejected Appellant's plea and his request for time to consult with Austrian authorities, noting that Zangerl, at that time a resident of Australia, had traveled a great distance to be present to testify at trial.[1]

On January 23, 2014, at docket numbers 9772 of 2009 and 9774 of 2009, arising out Appellant's alleged assaults of Zangerl in their home and in their car, the jury found Appellant guilty of two counts each of terroristic threats and simple assault of Zangerl, but not guilty of recklessly endangering another person and intimidation of a witness.[2] At docket number 13166 of 2010, the jury found Appellant guilty of the solicitation of Zangerl's murder, retaliation against a witness, and obstruction of the administration of law, but

---

[1] This Court set forth the procedural history in greater detail in **Commonwealth v. Pouliczek**, 2015 WL 9594364 (Pa. Super. December 24, 2015) (unpublished memorandum). We omitted details not pertinent to the issues presently before us.

[2] 18 Pa.C.S.A. §§ 2701, 2705, 2706, and 4952.

not guilty of terroristic threats and intimidation of a witness.[3]   At docket number 6021 of 2011, the jury found Appellant guilty of solicitation of Gonzalez' murder, two counts of intimidation of a witness, and one count of retaliation against a witness.[4]

On March 21, 2014, the trial court imposed an aggregate thirty-seven to eighty-one years of incarceration.  Appellant filed a timely notice of appeal. On December 24, 2015, this Court vacated the judgment of sentence finding *sua sponte* that consecutive five and one half to fifteen-year sentences for two counts of intimidation of a witness (Gonzalez)—one each under § 4952(a)(2) and § 4952(a)(3)—violated Double Jeopardy.[5]  This Court found no error in the trial court's denial of Appellant's Rule 600 motion, no error in the trial court's rejection of Appellant's guilty plea, and affirmed all other convictions. Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

On May 9, 2016, the trial court resentenced Appellant, eliminating the unlawful duplicative sentence for witness intimidation.  Appellant filed this timely first PCRA petition on November 30, 2016, alleging a host of trial court errors and several claims of ineffective assistance of counsel.  Counsel was

---

[3]  18 Pa.C.S.A. §§ 902, 2502, 2706, 4952, 4953, and 5101.

[4]  18 Pa.C.S.A. §§ 902, 2502, 2706, 4952, 4953, and 5101.
[5]   Double Jeopardy protects a defendant from, among other things, two convictions for the same offense.   U.S. CONST. amends. V, XIV; **Commonwealth v. Jackson**, 10 A.3d 341, 344-45 (Pa. Super. 2010).

- 4 -

appointed, then removed after the PCRA court granted Appellant's motion to proceed *pro se*, then appointed again at Appellant's request.

The PCRA court granted partial relief. In particular, the trial court accepted Appellant's argument that trial counsel was ineffective for failing to object to a jury instruction regarding retaliation against a witness. The trial court charged the jury that it could find Appellant guilty if Appellant harmed or attempted to harm the victim. The statute[6] does not criminalize attempted harm, the Commonwealth did not charge Appellant with attempted retaliation against a witness, and the Commonwealth conceded before the PCRA court that there was no evidence that Appellant actually harmed Gonzalez. The PCRA court therefore found that Appellant's conviction for the completed offense of retaliation against witness Gonzalez[7] should be vacated. The PCRA court denied all other requested relief without conducting a hearing and resentenced Appellant to an aggregate 29½ to 63 years of incarceration.

This timely appeal followed. Appellant raises eleven assertions of error:

1. Whether the PCRA court erred as a matter of law in limiting relief to re-sentencing where Appellant proved by a preponderance of the evidence that he was prejudiced by

---

[6] Section 4953 (Retaliation against witness, victim, or party) of the Pennsylvania Crimes Code provides: "A person commits an offense if he harms another by any unlawful act or engages in a course of conduct or repeatedly commits acts which threaten another in retaliation for anything lawfully done in the capacity of witness, victim or a party in a civil matter."

[7] Appellant was convicted of two counts of retaliation of a witness—one each for Gonzalez and Zangerl. The conviction for the offense against Zangerl remains standing.

ineffective assistance of counsel at trial as a result of counsel's failure to object to misleading, erroneous instructions to the jury?

2. Whether Appellant proved by a preponderance of the evidence that the erroneous instructions to the jury so infected the trial with unfairness that the verdict cannot be relied upon as having produced a just result and, as such, he is entitled to a new trial?

3. Whether the PCRA court erred in dismissing Appellant's claim of violation of his right to a speedy trial?

4. Whether the PCRA court erred in failing to correct Appellant's illegal sentence where Appellant was sentenced for two counts of intimidation of a witness though only convicted of one count?

5. Whether the PCRA court erred in denying Appellant relief whereby Appellant proved by a preponderance of the evidence that he was prejudiced by Judge Gwendolyn Bright hearing Appellant's admission of guilt prior to trial?

6. Whether the PCRA court erred in denying Appellant relief whereby Appellant provide by a preponderance of the evidence that consolidation of all the offenses was legally insufficient as no consolidation request was made by either party nor was consolidation ordered by the court prior to trial?

7. Whether the PCRA court erred in denying Appellant relief whereby Appellant proved by a preponderance of the evidence that the Commonwealth committed a *Brady*[8] violation by withholding impeachment evidence?

8. Whether the PCRA court erred in denying Appellant relief whereby Appellant proved by a preponderance of the evidence that he was entitled to renunciation defense instructions at trial and he was prejudiced by the absence of such instructions?

9. Whether the PCRA court erred in denying Appellant relief whereby Appellant proved by a preponderance of the evidence that he was entitled to *crimen falsi* instructions at trial and he was prejudiced by the absence of such instructions?

_____

[8] *Brady v. Maryland*, 373 U.S. 83 (1963).

- 6 -

10.    Whether the PCRA court erred in denying Appellant relief whereby Appellant proved by a preponderance of the evidence that counsel was ineffective for failing to apprise Appellant of the deportation consequences of a guilty plea?

11.    Whether the PCRA court erred in denying Appellant relief whereby Appellant proved by a preponderance of the evidence that evidence obtained pursuant to an illegal search and seizure was admitted into his trial?

Appellant's *Pro Se* Brief at 3-4.

We begin with our standard of review:

In reviewing the propriety of a PCRA court's order dismissing a PCRA petition, we are limited to determining whether the PCRA court's findings are supported by the record and whether the order in question is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  Moreover, there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary.  Pa.R.Crim.P. 907(2).  A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

**Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008) (citations and internal quotation marks omitted).

With his first two assertions of error, Appellant claims that the PCRA court granted insufficient relief for his counsel's failure to object to the trial court's jury charge on retaliation against a witness.  As explained above, the PCRA court vacated the conviction for retaliating against Gonzalez.  Appellant argues the PCRA court should have granted a new trial because the erroneous instruction tainted all of his convictions.  In substance, Appellant argues that

he would have been better off not having been charged with retaliation against a witness: "The elements of retaliation against a witness suggest to a jury that a criminal defendant not only committed an offense but also sought to cover up his misdeeds by committing another criminal act." Appellant's *Pro Se* Brief at 9. Whatever the merit of this contention, it is not relevant to the issue before us. Appellant's argument fails to address the distinction between an attempted offense and a completed one, and he fails to explain why, in this case, the trial court's erroneous inclusion of attempt in its instruction on retaliation against a witness tainted the entire trial.

We observe that, while the record contains no evidence that Appellant actually harmed Gonzalez (as the Commonwealth conceded), there is substantial evidence to support a finding that he harmed Zangerl. Appellant does not contend otherwise. Further, § 4953(a) criminalizes repeated commission of threatening acts, and the record reflects that Zangerl and her daughter were moved to Washington D.C. and placed under police protection for a period of time after Appellant's plot on Zangerl's life was discovered. Thus, nothing in the trial court's faulty jury instruction undermines Appellant's conviction under § 4953 for retaliation against Zangerl. Appellant's first two assertions of error lack merit.

In his third assertion of error, Appellant claims that the PCRA court erred in rejecting his argument under Rule 600 of the Pennsylvania Rules of Criminal Procedure. That Rule governs the timeframe within which the Commonwealth

must bring a defendant to trial in accordance with the constitutional right to a speedy trial. As noted above, Appellant litigated this issue prior to trial and on direct appeal. He failed to obtain relief. ***Pouliczek***, 2015 WL 9544364, at *3-4. Issues that have been previously litigated are not eligible for collateral relief. 42 Pa.C.S.A. § 9543(a)(3); 9544(a). An issue is previously litigated where "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2). Because this Court ruled on the merits of this issue on direct appeal and Appellant did not seek allowance of appeal in our Supreme Court, § 9544(a)(2) applies. Appellant's third assertion of error is not eligible for collateral relief.

Next, Appellant argues that part of his sentence is illegal because he received two sentences for witness intimidation but was only convicted of one count. This claim ignores the relief Appellant received on direct appeal. As explained above, this Court vacated the sentences under § 4952(a)(2) and § 4952(a)(3),[9] concluding on the facts of this case that separate sentences

_____

[9] Section 4952 (Intimidation of witnesses or victims) provides, in relevant part:

> **(a) Offense defined.--**A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to: […]

*(Footnote Continued Next Page)*

under those two sections violated double jeopardy. **Pouliczek**, 2015 WL 9544364, at *14. On remand, the trial court imposed only one sentence for witness intimidation. Appellant already has received the relief to which he is entitled on this issue.

In his fifth assertion of error, Appellant claims the trial court erred in rejecting his guilty plea. As noted above, Appellant litigated this issue without success before the trial court and on direct appeal. **Pouliczek**, 2015 WL 9544364, at *12-13. He cannot raise it again on collateral review. 42 Pa.C.S.A. §§ 9543(a)(3) and 9544(a)(2).

In his sixth assertion of error, Appellant claims the trial court erred in consolidating the above-captioned matters for trial. As noted above, the Commonwealth moved for consolidation prior to trial, and the trial court granted the motion without opposition from Appellant. This issue is waived, and therefore not eligible for collateral relief. 42 Pa.C.S.A. §§ 9543(a)(3) and 9544(b). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior

---

(2) Give any false or misleading information or testimony relating to the commission of any crime to any law enforcement officer, prosecuting official or judge.

(3) Withhold any testimony, information, document or thing relating to the commission of a crime from any law enforcement officer, prosecuting official or judge.

18 Pa.C.S.A. § 4952(a)(2), (3).

- 10 -

state postconviction proceeding." 42 Pa.C.S.A. § 9544(b); *see also* *Commonwealth v. Roney*, 79 A.3d 595, 617-18 (Pa. 2013) (holding claims not raised before the trial court or on direct appeal are waived under the PCRA).

In his seventh assertion of error, Appellant claims the Commonwealth committed a *Brady* violation by failing to disclose emails from Zangerl regarding her ability to travel to the United States and appear at trial. Once again, this is an issue Appellant failed to raise during trial or on direct appeal. He therefore cannot raise it in this collateral proceeding. 42 Pa.C.S.A. §§ 9543(a)(3) and 9544(b); *Roney*, 79 A.3d at 617-18. In any event, a *Brady* violation occurs where, among other things, the Commonwealth fails to disclose evidence in its possession that is helpful to the defendant. *Commonwealth v. Paddy*, 800 A.2d 294, 305 (Pa. 2002). Appellant fails to explain how Zangerl's communications with the Commonwealth regarding her ability to appear during trial were in anyway exculpatory.

In is eighth assertion of error, Appellant claims the trial court erred by failing to give a renunciation instruction in connection with his solicitation of the murder of Gonzalez. That charge arose from a note in Appellant's handwriting soliciting the murder of Gonzalez, but Appellant claims his fellow inmates found the note after Appellant had discarded it and renounced the desire to have Gonzalez murdered. Renunciation is a defense to a charge of solicitation:

**(a) Definition of solicitation.--**A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.

**(b) Renunciation.--**It is a defense that the actor, after soliciting another person to commit a crime, persuaded him not to do so or otherwise prevented the commission of the crime, under circumstances manifesting a complete and voluntary renunciation of his criminal intent.

18 Pa.C.S.A. § 902. Appellant did not raise this issue on direct appeal and it is therefore ineligible for collateral relief. 42 Pa.C.S.A. §§ 9543(a)(3) and 9544(b); *Roney*, 79 A.3d at 617-18. Further, Appellant's single-paragraph argument on this point fails to allege the existence of any evidence that would have supported a renunciation defense. Appellant's *Pro Se* Brief at 16-17.

Appellant's final three assertions of error sound in ineffective assistance of counsel. Counsel is presumed to have been effective; a PCRA petitioner bears the burden of pleading and proving otherwise. *Commonwealth v. Coleman*, 230 A.3d 1042, 1045 n.4 (Pa. 2020). To prevail on a claim of ineffective assistance of counsel, a petitioner must plead and prove by a preponderance of the evidence that (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis in support of the disputed action or inaction; and (3) but for counsel's error the result of the underlying proceeding would have been different. *Id.* A petitioner's failure to establish

any one of these three prongs is fatal to the claim. ***Commonwealth v. Natividad***, 938 A.2d 310, 321 (Pa. 2007).

In his ninth assertion of error, Appellant claims trial counsel was ineffective in failing to request a *crimen falsi* instruction. Pursuant to Rule 609(a) of the Pennsylvania Rules of Evidence, a witness' prior crime involving dishonesty or a false statement is admissible at trial for impeachment purposes. Pa.R.E. 609(a); ***Commonwealth v. Washington***, 269 A.3d 1255, 1264-65 (Pa. Super. 2022), ***appeal denied***, 2022 WL 3441488 (Pa. August 17, 2022).

Appellant claims counsel should have requested a *crimen falsi* instruction with regard to Antonio Peterson, Appellant's fellow inmate in whose cell prison guards discovered Appellant's handwritten note soliciting the death of Gonzalez. The record reveals that **Appellant's trial counsel requested and received** a *crimen falsi* instruction with regard to Peterson's prior conviction for theft. N.T. Trial, 1/15/14, at 34. No further consideration of this issue is warranted.

In his tenth assertion of error, Appellant claims trial counsel was ineffective for failing to apprise Appellant of the possible deportation consequences of a guilty plea. There is no arguable merit to this claim because, as explained above, Appellant did **not** plead guilty. Rather, he considered pleading guilty but requested time to consult with the Austrian Embassy to determine whether immediate deportation was possible.

Appellant was obviously aware of the potential for deportation, and perhaps considered it desirable. Regardless, the trial court refused to delay trial while Appellant sought clarification from the Austrian authorities. On direct appeal, this Court offered the following assessment of Appellant's tactics:

> The [trial] court repeatedly emphasized the case was ready for trial. The Commonwealth informed the court that Zangerl had flown in from abroad for trial. Appellant steadfastly refused to enter a plea before learning whether he could obtain immediate deportation. **The obvious gamesmanship engaged in by Appellant cannot be condoned.**

*Pouliczek*, 2015 WL 9544364, at *13 (emphasis added). Appellant's tenth assertion of error does not merit relief.

In his eleventh and final assertion of error, Appellant claims trial counsel was ineffective for failing to challenge an unlawful search and seizure of evidence from Appellant's jail cell. Appellant claims his cell was searched on January 4, 2011 but the warrant for his cell was not signed by a judge until January 6, 2011. The record does not bear this out. To the contrary, the officer who executed the warrant testified that he searched Appellant's cell on either January 6 or January 7, 2011. N.T. Trial, 1/14/14, at 101-03. The documents seized from Appellant's cell were placed on a property receipt dated January 7, 2011. *Id.* at 104-05. Other than Appellant's bald assertion, there is no evidence in support of his claim that police searched his cell prior to procuring a warrant. Appellant's claim fails.

In summary, we have concluded that none of Appellant's assertions of error merits relief beyond that which he has already received. We therefore affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2022