J-S30022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MARK ALAN WEAVER | |
| Appellant | No. 810 MDA 2016 |

Appeal from the PCRA Order May 4, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000075-2009

BEFORE:  SHOGAN, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                 **FILED JUNE 27, 2017**

Appellant, Mark Alan Weaver, appeals from the order entered May 4, 2016, denying as untimely his serial petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In November 2009, a jury convicted Appellant of three counts of aggravated indecent assault and indecent assault, two counts each of involuntary deviate sexual intercourse and criminal attempt to commit rape, and one count each of criminal attempt to commit sexual assault, sexual assault, indecent exposure, and simple assault.[1]

In February 2010, the court imposed an aggregate sentence of nine to forty years of incarceration.  Appellant filed a post-sentence motion, which

---

[1] **See** 18 Pa.C.S. §§ 3125(a), 3126(a), 3123(a), 901, 3121(a), 3124.1, 3127(a), 2701(a)(1), respectively.

was denied. His judgment of sentence was affirmed on direct appeal. **See Commonwealth v. Weaver**, 29 A.3d 829 (Pa. Super. 2011) (unpublished memorandum). Appellant did not appeal this decision.

In April 2012, Appellant timely filed a first PCRA petition, counsel was appointed, and an evidentiary hearing held. Ultimately, the PCRA court denied the petition. This Court affirmed the dismissal on appeal. **See Commonwealth v. Weaver**, 82 A.3d 464 (Pa. Super. 2013), *appeal denied*, 81 A.3d 77 (Pa. 2013).

In December 2013, Appellant untimely filed a second PCRA petition. His petition was denied without a hearing, and he did not appeal.

In April 2016, Appellant untimely filed a third PCRA petition. After sending notice that Appellant's petition would be dismissed without a hearing pursuant to Pa.R.Crim.P. 907, the court dismissed Appellant's petition as untimely filed.

Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court issued a responsive opinion.

On appeal, Appellant raises two issues for our review, which we have restated for clarity.

> 1. Did the trial court err in failing to conduct an evidentiary hearing regarding the ineffectiveness of all prior counsel?
>
> 2. Did the trial court err in finding that Appellant's petition was time barred and whether Appellant is entitled to *nunc pro tunc* review of his issues?

*See* Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

In this case, the PCRA court dismissed Appellant's petition without a hearing. *See* PCRA Court Order, 5/4/16, at 1. There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Springer*, 961 A.2d at 1264.

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely.[2] Accordingly, in order to reach the merits of his issues, he must plead and prove one of the exceptions to the time bar. *See Bennett*, 930 A.2d at 1267. Appellant does not plead any of the three time bar exceptions. Instead, he raises various evidentiary and sentencing issues, and he avers that he has made a *prima facie* showing of a miscarriage of justice, per *Commonwealth v. Lawson*, 549 A.2d 107, 112 (Pa. 1988) (holding that a second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate a miscarriage of justice may have occurred).

_____

[2] Appellant's petition is patently untimely. Appellant's judgment of sentence became final on May 11, 2011, at the expiration of his thirty days to petition for allowance of appeal to the Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Accordingly, he had until May 2012 to timely file a PCRA petition.

Appellant's argument does not merit relief. **Lawson** predates the 1995 amendment to the PCRA that added the jurisdictional time bar, and Appellant does not acknowledge that, since that time, our courts have consistently viewed the PCRA's time limits as mandatory and jurisdictional. **See Bennett**, 930 A.2d at 1267; **see also Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) ("The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely.").

Appellant also misinterprets our Supreme Court's decision in **Commonwealth v. Grant**, 813 A.3d 726 (Pa. 2002), arguing, incorrectly, that because all prior counsel were ineffective and he is innocent, the jurisdictional time bar does not apply to his case. **Id.** at 738 (noting that, as a general rule, a petitioner should wait to raise claims of ineffectiveness until collateral review, and an ineffectiveness claim will be waived only after a petitioner has had the opportunity to raise the issue on collateral review and did not do so).

Accordingly, because Appellant's petition is untimely and he does not plead an exception to the time bar, the PCRA court did not err in dismissing his petition. **See** 42 Pa.C.S. § 9545(b); **Bennett**, 930 A.2d at 1267; **Ragan**, 923 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/27/2017