J-S27013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
NELDA BEATTY,   :
  :
      Appellant   :   No. 2257 EDA 2017

Appeal from the PCRA Order July 10, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003628-2012

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:         **FILED AUGUST 28, 2018**

Nelda Beatty ("Appellant") appeals from the order denying her timely petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

Appellant hosted a tattoo party at her home on the night of December 17, 2011. Throughout the evening, Appellant carried a kitchen knife around with her because she was cooking, and she was drinking. In the early morning hours of December 18, 2011, Appellant became belligerent and fatally stabbed her boyfriend, Atlas Pinson ("the victim"), in the chest.

Appellant was charged with murder, possession of an instrument of crime, and aggravated assault.[1]

The PCRA Court summarized the procedural history of this case:

On [August 8, 2013],[2] a jury found [Appellant] guilty of first-degree murder and possession of an instrument of crime. [Appellant] was sentenced to a term of life imprisonment without the possibility of parole. She filed a post-sentence motion on August 14, 2013, and on December 13, 2013, it was denied by operation of law. She then filed a notice of appeal on January 7, 2014, but [she discontinued] the appeal . . . on March 10, 2014. [Appellant] filed a pro se petition under the [PCRA] on March 31, 2014. [Counsel was appointed on September 30, 2016, and he filed an amended PCRA petition on February 24, 2017.] This court issued a notice of intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907 on June 5, 2017. The petition was formally dismissed on July 10, 2017, and [Appellant] filed a notice of appeal to the Superior Court the next day. On July 17, 2017, this court ordered [Appellant] to file a statement of [errors] complained of on appeal. [Appellant] filed her statement on July 24, 2017[, and the PCRA court filed a Pa.R.A.P. 1925(a) opinion].

PCRA Court Opinion, 8/30/17, at 1.

On appeal, Appellant states two questions for our review, which we have reordered as follows:

A. Did the PCRA court err by denying Appellant relief, without a hearing, on her claim asserting that appellate counsel was ineffective for failing to advise Appellant to raise the issue that the evidence and weight of the evidence were insufficient to sustain the jury's verdict?

---

[1] 18 Pa.C.S. §§ 2501, 907, and 2702(a), respectively.

[2] The trial began on August 6, 2013, and the jury returned its verdict on August 8, 2013. N.T., 8/6/13–8/8/13.

- 2 -

B. Did the PCRA court err by denying Appellant relief, without a hearing, on her claim asserting that trial counsel was ineffective for failing to preserve on appeal the issue that the trial court erred in not granting Appellant's request for an involuntary manslaughter charge?

Appellant's Brief at 3 (full capitalization omitted).

An appellate court's standard for reviewing the denial of PCRA relief is well settled:

> "Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Hanible**, 612 Pa. 183, 204, 30 A.3d 426, 438 (2011) (citing **Commonwealth v. Colavita**, 606 Pa. 1, 21, 993 A.2d 874, 886 (2010)). We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. **Id.**... "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Roney**, 622 Pa. 1, 16, 79 A.3d 595, 603 (2013).

**Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

We reiterate that there is no absolute right to an evidentiary hearing. **Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008). "[T]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied 'there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings.'" **Commonwealth v. Cousar**, 154 A.3d 287, 297 (Pa. 2017) (citing **Commonwealth v. Roney**, 79 A.3d 595, 604 (Pa. 2013)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent

an abuse of discretion." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." ***Springer***, 961 A.2d at 1264.

Appellant desired an evidentiary hearing to develop her claims of ineffective assistance of counsel ("IAC"). When considering an IAC claim, we presume that counsel provided effective representation unless the PCRA petitioner pleads and proves that: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. ***Commonwealth v. Johnson***, 179 A.3d 1105, 1114 (Pa. Super. 2018) (citing ***Commonwealth v. Pierce***, 527 A.2d 973, 975–976 (Pa. 1987)). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" ***Commonwealth v. Reed***, 42 A.3d 314, 319 (Pa. Super. 2012). An IAC claim will fail if the petitioner's evidence fails to meet any one of the three prongs. ***Mason***, 130 A.3d at 618. Because courts must presume that counsel was effective, the burden of proving ineffectiveness rests with the petitioner. ***Commonwealth v. Montalvo***, 114 A.3d 401, 410 (Pa. 2015).

Appellant first asserts that the PCRA court erred by denying relief on her claim that appellate counsel was ineffective for not pursuing challenges to the weight and sufficiency of the evidence but, instead, advised Appellant to withdraw her direct appeal. Appellant's Brief at 16.[3] According to Appellant, the facts indicate that, due to her intoxication and mental health issues, she did not have a specific intent to kill the victim; therefore, appellate counsel was ineffective for failing to pursue a sufficiency claim on direct appeal. *Id.* at 17.

The Commonwealth responds to Appellant's bald assertion that counsel had no reasonable basis for withdrawing the direct appeal with "correspondence from direct appeal counsel to [Appellant] explaining his reasoning for not pursuing any claims on appeal." Commonwealth's Brief at 17 (citing Correspondence, 2/4/15; N.T., 12/9/16, at 7). The Commonwealth further responds that Appellant's proffer of "her intoxication" and "some unconnected facts to suggest that the Commonwealth did not prove her specific intent to kill the victim" failed to support a sufficiency challenge. *Id.* at 19.

---

[3] To the extent Appellant raised a weight-of-the-evidence claim in her PCRA petition, Pa.R.A.P. 1925(b) statement, and statement of questions presented, we deem the issue waived. As the Commonwealth observes, Appellant did not develop her weight-of-the-evidence-based IAC claim in the PCRA court. Commonwealth's Brief at 16–17. Moreover, Appellant has not included any argument regarding the weight of the evidence in her appellate brief. Appellant's Brief at 14–17.

The PCRA court concluded that Appellant's issue was waived:

> [Appellant] contends that counsel was ineffective for failure to preserve claims on direct appeal. This is a misstatement of the record. Indeed, on February 13, 2014, counsel filed a statement of matters complained of on appeal that contained the claims [Appellant] wished to preserve. However, less than a month later, [Appellant] discontinued her direct appeal. An issue is considered waived if it could have been raised but [the] petitioner failed to do so. 42 Pa. C.S.A. § 9544. Since [Appellant] did not make these claims on direct appeal, they are waived. Further, counsel was not ineffective as [Appellant] chose to discontinue her direct appeal where her issues were properly preserved. These waived claims are not cognizable under the PCRA.

PCRA Court Opinion, 8/30/17, at 5. As discussed below, we disagree with the PCRA court's waiver analysis, but we agree with its conclusion that Appellant's first IAC claim does not warrant relief. *See Commonwealth v. Clouser*, 998 A.2d 656, 661 n.3 (Pa. Super. 2010) ("It is well-settled that this Court may affirm on any basis.") (citation omitted).

The record reveals that trial counsel filed a post-sentence motion, claiming only that the verdict was against the weight of the evidence. Post-Sentence Motion, 8/14/13, ¶¶ 1, 2. In response to the trial court's directive, Appellant's newly appointed appellate counsel filed a statement pursuant to Pa.R.A.P. 1925(c)(4), in which he stated:

> Appellant's counsel . . . avers that his review of the Record has revealed that there are no issues that could be raised on appeal and that Appellant's appeal is wholly frivolous; thus, counsel will be filing an Anders Brief on appeal. Nevertheless, counsel recognizes that Appellant has the right to appellate review and thus, pursuant to Pa.R.A.P 1925(c), Appellant intends to raise the following issues on direct appeal:

A. The evidence was insufficient to support the first-degree murder conviction because the Commonwealth failed to prove that Appellant acted with the specific intent to kill given that the evidence showed that Appellant was intoxicated when the victim was killed

B. The trial court erred by disallowing the defense to elicit that Andre Watson had several *crimen falsi* convictions. (N.T. 8/6/13, 82-92).

C. The trial court erred by refusing to charge the jury on involuntary manslaughter.

Statement of [Errors] Complained of on Appeal, 2/13/14, at 1. Thus, although direct appeal counsel properly preserved a challenge to the sufficiency of the evidence, he found no merit in the issue.

We employ a well-settled standard of review for sufficiency claims:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Sauers*, 159 A.3d 1, 11 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1057 (Pa. 2017) (quoting *Commonwealth v. Colon–Plaza*, 136 A.3d 521, 525–526 (Pa. Super. 2016)).

To prove murder in the first degree, the Commonwealth must demonstrate that a human being was unlawfully killed, that the defendant did the killing, and that the killing was done in an intentional, deliberate, and premeditated manner. *Commonwealth v. Bryant*, 67 A.3d 716, 721 (Pa. 2013). Both a specific intent to kill and malice may be inferred from the defendant's use of a deadly weapon upon a vital part of the victim's body. *Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011).

The evidence adduced at trial revealed that Appellant stabbed the victim in the chest with a long knife, slicing his heart and piercing his diaphragm and liver. N.T., 8/6/13, at 107–108, 206, Exhibits C-18–C-22, C-32–C-34, C-37, C-37A; N.T., 8/7/15, at 16, 165–167. After the stabbing, while Appellant and Mr. Watson were tussling with the knife, Appellant threatened him, saying: "I'll fuck you up, too." *Id.* at N.T., 8/6/13, at 224; N.T., 8/7/13, at 110. Appellant told the police officers who were transporting her from the scene of the crime that she had "just caught a body." N.T., 8/7/13, at 73–74. Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to prove that Appellant intentionally killed the victim by using a deadly weapon on a vital part of the victim's body. *Id.* at 21–22.

Given the sufficiency of the evidence to support the jury's verdict, Appellant cannot establish there is a reasonable probability that, but for counsel's unprofessional error in advising Appellant to discontinue her direct appeal, the result of the proceeding would have been different. *Reed*, 42 A.3d at 319. Thus, counsel's failure to pursue a challenge to the sufficiency of the evidence did not result in prejudice to Appellant. *Reed*, 42 A.3d at 319. Consequently, the PCRA court did not err in denying relief.

In her second issue, Appellant complains that the PCRA court erred in denying relief because trial counsel was ineffective for failing to preserve the issue of trial court error in not granting Appellant's request for an involuntary manslaughter charge. Appellant's Brief at 10. Appellant explains that, "although trial counsel requested an involuntary manslaughter charge which was denied by the [t]rial [c]ourt, he failed to sufficiently preserve the issue for appellate purposes." *Id.* (citation omitted).

The Commonwealth responds:

> Even though [counsel's] failure to raise an objection resulted in the denial of a related trial court error claim on direct appeal, an appellate challenge to the trial court's purported failure to instruct the jury on [in]voluntary manslaughter would have failed because the evidence at trial did not support such an instruction. This was abundantly clear from the trial court's on-the-record review of the instruction request.

Commonwealth's Brief at 8.

The PCRA court found waiver based on the facts that appellate counsel "filed a statement of matters complained of appeal that contained the claims

[Appellant] wished to preserve. However, less than a month later, [Appellant] discontinued her direct appeal." PCRA Court Opinion, 8/30/17, at 5. Again, we disagree with the PCRA court's waiver analysis as discussed below, but we affirm its conclusion that Appellant's second IAC claim does not warrant relief. *Clouser*, 998 A.2d at 661.

Issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). "No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." Pa.R.Crim.P. 647(C). Failure to raise a timely objection to a particular jury charge results in waiver of a claim. *Commonwealth v. Moury*, 992 A.2d 162, 178 (Pa. Super. 2010). Furthermore, raising an issue for the first time in a Pa.R.A.P. 1925(b) statement does not preserve it for appellate review. *Commonwealth v. Rigg*, 84 A.3d 1080, 1085 (Pa. Super. 2014).

Our review of the record reveals that trial counsel requested a jury instruction on involuntary manslaughter based on Appellant's and the victim's extreme intoxication at the time of the stabbing. N.T., 8/8/17, at 5. Following an extensive on-the-record discussion with counsel, the trial court denied the motion. *Id.* at 22. Trial counsel did not immediately object to the denial of the requested charge. *Id.* Moreover, at the conclusion of the jury charge, the trial court afforded counsel the "opportunity to object, request clarification, request additional instructions. . . ." *Id.* at 140. Defense counsel

responded, "No objection." *Id.* Thus, Appellant's underlying assertion that trial counsel did not properly preserve the denial of the requested jury instruction for appellate review has arguable merit. Thus, the PCRA court erred in concluding the issue was waived because trial counsel preserved it by raising it in the Pa.R.A.P. 1925(b) statement but then Appellant discontinued her direct appeal. *Rigg*, 84 A.3d at 1085.

Even though Appellant's underlying claim has arguable merit, she is not entitled to relief because the evidence presented at trial did not support a charge of involuntary manslaughter. Thus, Appellant cannot establish there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Reed*, 42 A.3d at 319.

A person is guilty of involuntary manslaughter "when as a direct result of doing an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, [s]he causes the death of another person." 18 Pa.C.S. § 2504(a). At trial, Appellant's counsel introduced testimony from two witnesses, Andre Watson and Carolyn Davis, who were in Appellant's house when Appellant stabbed the victim. N.T., 8/6/17, at 92–134, 195–281, Exhibit C-49, C-64. During the charging conference, trial counsel proffered the witnesses' testimony as evidence of Appellant's and the victim's intoxication, which was the basis for his request for an involuntary manslaughter instruction. *Id.* at 5–7. The trial court

conducted a lengthy on-the-record discussion with counsel about Appellant's requested jury instruction. *Id.* at 10–22.

Upon hearing from defense counsel that Ms. Davis was not in the room when the victim was stabbed, the trial court opined: "She doesn't add anything. She's not the one on which your request is premised. Is that a fair statement?" *Id.* at 16. Defense counsel responded, "That's correct." *Id.* Regarding Mr. Watson's testimony as a basis for the involuntary manslaughter charge, the trial court opined, "I just don't see the fact that [Mr. Watson] testified that he didn't see how it happened, that you can infer that it was accidental. There's no evidence of an accident . . . simply because the witness who had once testified that he saw the stabbing, now testifies that he didn't see the stabbing." *Id.* at 21–22. The trial court concluded, "I don't believe that there is a basis to charge on involuntary manslaughter so I will deny that." *Id.* at 22.

Upon review of the trial transcripts, we agree with the trial court's conclusion that the evidence presented did not support a charge of involuntary manslaughter. The fact that Appellant had been drinking throughout the night would not have been a basis for reducing an intentional killing to involuntary manslaughter. *Commonwealth v. Reed*, 583 A.2d 459, 471 (Pa. Super. 1990) (citations omitted). Moreover, neither Mr. Watson nor Ms. Davis saw how the stabbing occurred, and the only defense witness testified that she was no longer in the house when the stabbing occurred. N.T., 8/7/13, at 236–

247. We find no evidence to support a factual finding or an inference that the stabbing was the direct result of Appellant doing an unlawful act in a reckless or grossly negligent manner, or doing a lawful act in a reckless or grossly negligent manner. 18 Pa.C.S. § 2504(a). Thus, counsel's failure to preserve for appellate review the issue of trial court error regarding Appellant's request or an involuntary manslaughter charge did not result in prejudice to Appellant. ***Reed***, 42 A.3d at 319. Consequently, the PCRA court did not err in denying relief.

Based on our analysis of Appellant's IAC claims, the PCRA court did not err in concluding there were no genuine issues of material fact and denying relief without an evidentiary hearing. ***Springer***, 961 A.2d at 1264. Thus, we affirm the order denying collateral relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/28/18

- 13 -