J-S20028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARC HAWORTH | |
| Appellant | No. 2850 EDA 2019 |

Appeal from the PCRA Order Entered September 9, 2019
In the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0002723-2017

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.: **FILED JULY 28, 2020**

Appellant Marc Haworth appeals from the September 9, 2019 order of the Court of Common Pleas of Bucks County ("PCRA court"), which denied, without a hearing, his petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Upon review, we vacate and remand for an evidentiary hearing.

The facts and procedural history of this case are undisputed.[1] On October 16, 2017, Appellant pled guilty to multiple counts of home improvement fraud, deceptive business practices, and theft. On January 5, 2018, the trial court sentenced Appellant to an aggregate term of five to ten years' imprisonment followed by a consecutive term of five years' probation.

---

[1] Unless otherwise noted, these facts are taken from the trial court's November 25, 2019 opinion. **See** Trial Court's Opinion, 11/25/19, at 1.

Appellant also was directed to pay restitution for $191,404.52. On January 11, 2018, Appellant filed a post-sentence motion. Following a hearing, the trial court denied the motion on April 17, 2018. Appellant did not file a direct appeal. His judgment of sentence became final on May 17, 2018.

On March 14, 2019, Appellant *pro se* filed the instant PCRA petition. The PCRA court appointed counsel, who, on July 19, 2019, filed an amended petition, asserting claims of ineffective assistance of counsel. Appellant alleged, *inter alia*, that his trial counsel was ineffective for failing to file a direct appeal, advising and allowing him to enter into a guilty plea whose consequences he did not fully appreciate, and failing to withdraw his guilty plea. Appellant alleged that he "he requested counsel to file an appeal on his behalf." Amended Petition, 7/19/19, at ¶ 17(d). Appellant attached to his amended petition a "Statement of Counsel Pursuant to Pa.R.Crim.P. 902(A)(12)," by which **each of his two** trial counsels respectively stated in relevant part:

> 3. I decline to provide a detailed statement explaining all of my reasons for my actions and recommendations when representing [Appellant], but will state that at all times I used what I considered to be my best judgment and brought to bear my years of experience representing criminal defendants when representing [Appellant].
>
> 4. I will testify and respond to all questions at a hearing ordered by a court in lieu of an affidavit.

On August 6, 2019, the Commonwealth filed an answer opposing Appellant's amended petition. On August 15, 2019, the PCRA court issued a Pa.R.Crim.P.

907 notice of its intent to dismiss the petition without a hearing. On September 4, 2019, Appellant responded to the court's Rule 907 notice, requesting an evidentiary hearing in light of his allegation that he requested his counsel to file a direct appeal. On September 9, 2019, the trial court denied Appellant PCRA relief without a hearing. Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal,[2] Appellant presents two issues for our review.

[I.] Did the lower court err in denying Appellant's [PCRA] petition without a hearing where trial counsel was ineffective for failing to file a direct appeal on Appellant's behalf after being requested to do so?

[II.] Did the lower court err in denying Appellant's [PCRA] petition without a hearing where trial counsel was ineffective for allowing Appellant to pled guilty and for failing to withdraw Appellant's guilty plea under circumstances where the guilty plea was not knowingly, voluntarily and intelligently entered?

Appellant's Brief at 4 (unnecessary capitalizations omitted).

As stated, Appellant's claims before us involve ineffective assistance of counsel. A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis

---

[2] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quoting *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007)).

for acting or failing to act; and (3) the petitioner suffered resulting prejudice."

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the "***Pierce***[3] test," or the claim fails." ***Id.*** Put differently, "[t]he burden of proving ineffectiveness rests with Appellant." ***Commonwealth v. Chmiel***, 889 A.2d 501, 540 (Pa. 2005).

We first address Appellant's claim that the PCRA court erred in declining to hold an evidentiary hearing with respect to whether his trial counsels were ineffective in failing to file an allegedly requested direct appeal.

> Our Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se*, such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, **the petitioner must prove that he requested a direct appeal and the counsel disregarded the request**. . . . .

***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011) (internal citations, and ellipsis omitted; formatting amended; emphasis added), ***appeal denied***, 30 A.3d 487 (Pa. 2011). With respect to an evidentiary hearing, we explained in ***Commonwealth v. Burton***, 121 A.3d 1063 (Pa. Super. 2015) (*en banc*), ***aff'd***, 158 A.3d 618 (Pa. 2017):

> There is no absolute right to an evidentiary hearing. ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Id.***

---

[3] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

**Burton**, 121 A.3d at 1067. Moreover, "to obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." **Commonwealth v. D'Amato**, 856 A.2d 806, 820 (Pa. 2004).

Instantly, our review of the record confirms that Appellant alleged in his amended PCRA petition, in his response to the PCRA court's Rule 907 notice, and in his brief on this appeal that he requested his trial counsels to file a direct appeal. According to Appellant, his counsels allegedly disregarded his request. Moreover, trial counsels did not reject Appellant's allegations in their respective statements, which were not affidavits. They, however, appear willing and able to participate in an evidentiary hearing. Given the serious nature of Appellant's claim, and the importance of direct appeals in criminal cases, we remand this matter to the PCRA court to conduct an evidentiary hearing and render necessary findings of fact to determine whether Appellant's contention that his counsels disregarded his request for a direct appeal carries any merit. Without such findings, we are unable to engage in meaningful appellate review of the PCRA court's decision in this case. Counsels' unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se*.[4]

---

[4] We express no opinions on the merits of Appellant's PCRA claims.

Similarly, we are unable to conduct meaningful appellate review of Appellant's second issue that counsel refused to withdraw his guilty plea on the basis the plea was not knowingly, voluntarily, and intelligently made. Without a proper record upon which necessary findings of fact are made by the PCRA court, this issue cannot be decided.

Upon remand, if the court determines, following a hearing, that Appellant satisfies the criteria for collateral relief on any of the two issues raised, then appropriate relief should be granted as is appropriate to the claim made.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/28/2020