J-S01038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONDRE M. CHISOM | : | |
| | : | |
| Appellant | : | No. 915 MDA 2020 |

Appeal from the PCRA Order Entered June 11, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005714-2015

BEFORE:   LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: FEBRUARY 22, 2021**

Appellant, Dondre M. Chisom, files this *pro se* appeal from the order of

the Court of Common Pleas of Dauphin County, which dismissed as meritless

his timely, first petition under the Post Conviction Relief Act (PCRA), 42

Pa.C.S.A. §§ 9541-9546, without a hearing and granted counsel's

**Turner/Finley**[1] motion to withdraw.  Appellant contends dismissal without a

hearing was erroneous where he had alleged counsel failed to file a requested

post-sentence motion and direct appeal.  We affirm.

On the night of July 2, 2015, a verbal altercation between Appellant and

34 year-old Christopher Williams, who allegedly cut to the front of a

convenience store checkout line, culminated with Appellant shooting Williams

---

[*] Former Justice specially assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

to death in claimed self-defense.  Charged with criminal homicide, persons not to possess firearms, and related offenses, Appellant entered a counseled negotiated guilty plea to third-degree murder and persons not to possess firearms in exchange for an agreed-upon sentence of 25 to 50 years' incarceration and payment of fines totaling $75,000.00.  On June 19, 2017, the trial court imposed an aggregate sentence in accordance with the plea agreement.  Appellant filed no post-sentence motion or direct appeal.

The certified record substantiates that in the interim between sentencing and the filing of Appellant's timely *pro se* PCRA petition, both Appellant and plea counsel each filed several pertinent motions or correspondences with the trial court, as well as with one another.  On October 19, 2017, counsel requested transcripts of Appellant's guilty plea colloquy and sentencing.  On October 25, 2017, Appellant filed a handwritten letter with the trial court alleging that "[plea counsel] has not filed or conveyed to the Defendant that she has filed Defendant's appeals like the Defendant had requested at plea/sentencing."  Appellant's *Pro Se* Correspondence to Trial Court, 10/25/17.

On November 1, 2017, Appellant wrote to counsel expressing, *inter alia*, his confusion as to why she did not file his requested post-sentence motions and his opinion that it was her duty to do so "[a]lthough I attend [sic] on filing Ineffectiveness of Counsel on you. . . ."  Appellant subsequently filed with the trial court his December 14, 2017 *pro se* Motion to Modify and Reduce Sentence, in which he alleged ineffective assistance of plea counsel for failing

- 2 -

to file both pre-sentence and post-sentence motions and asserted his plea had been coerced.

On December 18, 2017, plea counsel filed with the court her Petition to Withdraw as Counsel, citing as grounds Appellant's allegations of her ineffective assistance and requesting the court to appoint new counsel. The court granted plea counsel's petition to withdraw on February 5, 2018, after having received Appellant's *pro se* PCRA petition and in preparation of appointing PCRA counsel, as discussed *infra*.

On December 28, 2017, Appellant filed a timely PCRA petition, his first, in which he alleged ineffective assistance of plea counsel, the unlawful inducement of his plea, and newly discovered exculpatory facts. Regarding counsel's representation, the petition alleges, "[plea counsel] didn't file any post-conviction motions on my behalf in a timely manner when I advise [sic] her to. I ask the Courts to reinstate my appeal rights to proceed." *Pro Se* PCRA petition, 12/28/18, at 4.

The court appointed counsel and, upon counsel's motion, granted counsel 90 days in which to file an amended PCRA petition. Starting on November 6, 2018, the court granted counsel a series of motions to extend the deadline for an amended petition to allow for a court-appointed investigator to locate, subpoena, and interview witnesses for purposes of preparing an amended petition.

On January 30, 2019, the PCRA court appointed new counsel to replace outgoing appointed counsel, who had accepted new employment with the

State of Pennsylvania. Counsel filed a motion for extension of time to prepare an amended petition, and the court entered an order granting the motion and setting a petition deadline of June 4, 2019.

The court extended that deadline after counsel indicated he was awaiting new information from the investigator and had just recently obtained relevant documentation. On August 8, 2019, Appellant filed with the court a copy of a letter he addressed to appointed counsel asking why counsel had yet to contact him since his appointment to the case eight months earlier.

On January 23, 2020, appointed counsel filed his Motion to Withdraw from Representation and accompanying "no-merit" letter, in which he addressed each of the claims raised in Appellant's *pro se* PCRA petition and deemed them meritless. Counsel framed his discussion by noting challenges to a guilty plea are limited to claims implicating the legality of the sentence,[2] the validity of the plea, and the jurisdiction of the court.

In light of this recognized group of viable claims, PCRA counsel rejected Appellant's first claim, which counsel identified as an allegation that plea counsel ineffectively failed to file a requested post-sentence motion.[3] Because

---

[2] While a challenge to the discretionary aspects of one's sentence also represents a viable claim after a court exercises sentencing discretion in an open plea, the present matter involves a closed plea which precluded such discretion.

[3] **See** *infra*, where we consider whether Appellant's *pro se* claim directed at plea counsel's failure to file "post conviction motions" was sufficiently broad to include the failure to file a direct appeal.

the negotiated plea comprised a prescribed, agreed-upon sentence of 25 to 50 years' incarceration, which was within lawful maximums, counsel concluded that the sentence was susceptible to neither a discretionary aspects of sentence challenge[4] nor a legality of sentence challenge under the incontrovertible facts.

With respect to the validity of Appellant's plea, PCRA counsel pointed to both Appellant's written plea colloquy, where Appellant confirmed in writing his entry of a voluntary and knowing plea to a sentence of "25 to 50 years," and his plea hearing, where he openly contemplated going to trial, was permitted consultation with his family members and counsel, and thereafter verified with the court that after full and free reflection on his options he was accepting the Commonwealth's closed plea deal. Given this record, counsel posited, Appellant could not plead and prove sufficient facts to undermine the validity of his plea.

Finally, counsel deemed unfounded Appellant's newly-discovered evidence claim that an exculpatory and consequential videotape unavailable at the time of his plea was now available for the first time. On this point, counsel observed that the notes of testimony from Appellant's guilty plea hearing explicitly noted the availability of the video at that time, **see** N.T.,

---

[4] To the extent Appellant's *pro se* petition cited the court's failure to consider the mitigating circumstances associated with the brain surgery he received three weeks prior to the homicide, PCRA counsel noted that the court's acceptance of the closed plea agreement on sentencing precluded the exercise of sentencing discretion to consider mitigating circumstances.

6/19/17, at 16, and nothing in either Appellant's PCRA petition or the record suggested otherwise. Counsel, therefore, concluded Appellant's claim was belied by clear facts of record.

Based on its review of counsel's "no-merit" letter and the record as a whole, the PCRA court concurred with PCRA counsel. Accordingly, the court granted counsel's motion to withdraw, and it issued notice under Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petition without a hearing. Court's Notice Pursuant to Rule 907, 4/22/20, at 1-6.

On June 8, 2020, Appellant filed a response claiming he had not been apprised that the sentences of 20 to 40 years for third degree murder and 5 to 10 years for persons not to possess could be run consecutively to form a 25 to 50 year sentence. The PCRA court found this claim baseless and entered an order dismissing Appellant's PCRA petition. This timely appeal followed.

Appellant raises the following two issues for our review (verbatim):

1. Whether trial court error [sic] in decision [sic] asserting trial counsel was not ineffective?

2. Whether the state and Federal Courts['] actions in similar cases have created a precedent that the State Courts should follow in ineffective assistance of counsel claims?

Appellant's brief, at 3.

We review an order denying collateral relief under the PCRA to determine whether evidence of record supports the findings of the PCRA court and whether its legal conclusions are free from error. *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014). "The PCRA court's credibility

determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Id.**, *quoting* **Commonwealth v. Roney**, 79 A.3d 595, 603 (Pa. 2013).

In this case, the PCRA court dismissed Appellant's petition without a hearing. There is no absolute right to an evidentiary hearing. **See Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." **Id**.

Appellant's *pro se* petition essentially requested *nunc pro tunc* reinstatement of his right to file post-sentence motions, which, if necessary, would have the effect of preserving his right to file a direct appeal challenging a denial of said motions. Specifically, the petition alleged, *inter alia*, that plea counsel was ineffective for failing to file requested "post-conviction motions" in a timely manner. The PCRA court, the Commonwealth, and appointed PCRA counsel all construed Appellant's claim to confine itself solely to counsel's failure to file a requested post-sentence motion.

Because we discern from the record that Appellant's claim is so confined,[5] we agree with their consensus that Appellant failed in his obligation

---

[5] Our review of the record satisfies us that Appellant's *pro se* petition's reference to counsel's failure to file requested "post-conviction motions"

- 7 -

to demonstrate his petition raised a genuine issue of material fact that required an evidentiary hearing.  That is to say, unlike the instance where counsel fails to file a direct appeal when requested to do so by a client, which constitutes *per se* ineffectiveness, **see Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa. 1999), counsel's failure to file a post-sentence motion, even if requested to do so, is not *per se* ineffectiveness.  **See Commonwealth v. Reaves**, 923 A.2d at 1119, 1129-1131 (Pa. 2007) (post-conviction petitioner required to establish actual prejudice where counsel's alleged deficiency stemmed from failure to move for reconsideration of sentence); **Commonwealth v. Liston**, 977 A.2d 1089, 1092 (Pa. 2009) (clarifying **Reaves** holding that failure to file post-sentence motions "does not fall within the limited ambit of situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief").

Instead, a PCRA petitioner alleging trial counsel's ineffectiveness for failure to file a post-sentence motion must satisfy the three-pronged test for ineffectiveness.  **Reaves**, **supra**.  A petitioner, therefore, bears the burden of pleading and proving that trial counsel's failure to file a post-sentence motion

_____

pertained only to desired post-sentence motions and not to a failure to file a direct appeal as well.  In reaching this conclusion, we find dispositive the language used in Appellant's *pro se* petition itself, which conspicuously fails to assert plainly and simply that counsel failed to file a direct appeal as requested.  We note additionally, however, that Appellant's November 1, 2017 letter to plea counsel asks why counsel failed to file post-sentence motions as requested, and does not mention the failure to file a direct appeal.  Therefore, Appellant is entitled to no relief on his claim, raised for the first time on appeal, that plea counsel ineffectively failed to file a direct appeal.

prejudiced him; namely, that had counsel filed the post-sentence motions, the sentencing court would have granted them. **See Liston, supra**. Appellant did not meet that burden, nor did he raise a genuine issue on this claim.

Here, Appellant's claims before the PCRA court did not address why the trial court would have granted a motion to reconsider Appellant's sentence. Although Appellant expressed displeasure with the consecutive nature of his sentences in his objections to the PCRA court's Rule 907 notice, he offered no reason why the trial court would have granted relief on this basis where the aggregate sentence amounted to the very 25 to 50 year sentence to which Appellant had specifically agreed in the closed plea deal.

Moreover, the consecutive nature of a sentencing scheme is seldom the basis for finding a substantial question that the trial court acted outside sentencing norms or contrary to the Sentencing Code. **See Commonwealth v. Moury**, 992 A.2d 162, 171-172 (Pa. Super. 2010) (sentencing court has discretion to impose sentences consecutively or concurrently, and challenges to this exercise of discretion do not raise a substantial question except in extreme circumstances). As Appellant offered no explanation as to how his consecutive sentences supported reconsideration of his punishment, he deserves no relief on this argument.

Appellant also was unable to demonstrate below that counsel induced him to plead guilty where he verified both in his written and oral plea colloquies that his plea was not the product of undue influence or coercion but was, instead, entered into knowingly, intelligently, and freely. Appellant is

bound by the statements he made under oath during his plea. ***See Commonwealth v. Pollard***, 832 A.2d 519 (Pa.Super. 2003) (holding statements under oath confirming desire to plead guilty are binding).

Likewise, for the same reasons expressed by the PCRA court below, we find Appellant's ineffectiveness claims based on allegedly after-discovered evidence in the form of a videotape and on counsel's failure to raise mitigating factors at sentencing have no basis in relevant facts. With regard to the video, the notes of testimony from Appellant's guilty plea hearing, as referenced *supra*, established that the video was known and available to Appellant during the hearing. For that matter, he altogether fails to argue specifically how the video would have benefitted him even if counsel had secured it for the court's review. In much the same way, Appellant develops no meaningful argument demonstrating how mitigating sentencing factors were at all relevant where he had entered a closed plea foreclosing the court's exercise of sentencing discretion.

For the foregoing reasons, we discern no error with the PCRA court's order granting PCRA counsel's motion to withdraw from representation and dismissing Appellant's petition as devoid of merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/22/2021