J-A13030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HASAN SHAREEF | : | |
| | : | |
| Appellant | : | No. 1157 WDA 2024 |

Appeal from the PCRA Order Entered September 24, 2024
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0001714-2016

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED: AUGUST 29, 2025**

Appellant, Hasan Shareef, appeals from an order entered on September 24, 2024, in the Criminal Division of the Court of Common Pleas of Butler County, that denied his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On direct appeal, we summarized the factual and procedural history of this case as follows.

> On May 27, 2016, Trooper Brian Palko of the Pennsylvania State Police [(PSP), as part of his investigation into the burglary of a boat rental business,] executed a search warrant at a three-story residential duplex on East Jefferson Street in Butler, Pennsylvania[.] When Trooper Palko knocked on the door of the residence to announce the presence of the officers, the unlatched front door swung open. Trooper Palko and the troopers who accompanied him then conducted a protective sweep of the first floor of the residence but did not find anyone present.
>
> While clearing the first floor, Trooper Palko heard glass breaking from the upper floors of the residence and requested that the

individual who was responsible for the noise come downstairs. When no one came down, Trooper Palko ascended the steps to the third floor and found Appellant emerging from a cubby hole with bloody hands from the broken glass. While sweeping the upstairs area, Trooper Palko observed a handgun in plain view on a ledge, another handgun sticking out of an open black leather bag behind a couch, and a glassine bag commonly used in drug trafficking. No one else aside from Appellant was discovered at the residence.

After securing Appellant, Trooper Palko applied for a second search warrant related to potential drug activity at the residence. From the black leather bag where the handgun was found, the troopers recovered multiple bags of cocaine and heroin, suboxone strips, various pills, drug paraphernalia, and approximately $6,000[.00] in cash. Trooper Palko later obtained a search warrant to collect a saliva sample from Appellant for DNA testing[. G]enetic material from the two firearms recovered in the residence was determined to match Appellant's DNA.

Appellant was charged with persons not to possess a firearm, three counts of PWID, and other drug charges. Appellant filed an omnibus pre-trial motion, which sought the suppression of the evidence retrieved from the East Jefferson Street duplex. On September 21, 2017, the trial court denied this motion as untimely. Appellant's court-appointed counsel then filed an application to withdraw, which the trial court granted, and Appellant retained substitute counsel. Appellant's new counsel then filed motions for leave to file pre-trial motions and to sever the firearms charge from the remaining charges. The trial court granted both motions. Appellant's counsel [then] filed a suppression motion, which the trial court denied *via* memorandum opinion and order on February 7, 2018.

On October 22, 2018, Appellant was found guilty of the firearms offense after a one-day jury trial. On December 4, 2018, Appellant pleaded guilty to one count of PWID and the remaining charges were withdrawn. On December 20, 2018, Appellant was sentenced to an aggregate [term of four and one-half to nine years' incarceration]. Appellant then filed [a direct appeal].

On appeal, Appellant raise[d] three issues: (1) whether the search and seizure of the separate attic room of the East Jefferson Street residence was proper in the absence of a warrant; (2)

whether sufficient evidence was presented that Appellant possessed the firearms found at the residence; and (3) whether Appellant was denied due process by virtue of the fact that the trial court did not order the [return of certain legal papers to Appellant in advance of trial. On July 23, 2020, we concluded that Appellant was not entitled to relief and the Supreme Court denied Appellant's petition for allowance of appeal on March 8, 2022].

*Commonwealth v. Shareef*, 239 A.3d 89, *1-2 (Pa. Super. 2020) (non-precedential decision), *appeal denied*, 274 A.3d 719 (Pa. 2022).

Appellant, acting *pro se*, filed a petition under the PCRA on March 28, 2022 and counsel was appointed. After several changes in representation, Appellant's third lawyer, William Robert Shields, Esq. (Attorney Shields), filed a **Turner/Finley**[1] no-merit letter and an accompanying motion to withdraw on November 2, 2023. The PCRA court granted Attorney Shields' request on November 6, 2023. Thereafter, on March 19, 2024, the court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition for collateral relief. Appellant's petition was dismissed on September 18, 2024 and this timely appeal followed.[2]

"We review an order denying collateral relief under the PCRA to determine whether [the] evidence of record supports the findings of the PCRA court and whether its legal conclusions are free from error." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014). "The PCRA court's credibility

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.***, *quoting* ***Commonwealth v. Roney***, 79 A.3d 595, 603 (Pa. 2013).

In this case, the PCRA court dismissed Appellant's petition without a hearing. "There is no absolute right to an evidentiary hearing." ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). In considering the propriety of dismissal without the benefit of an evidentiary hearing, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Id.***

We have carefully examined the certified record, the submissions of the parties, and the opinion of the PCRA court. Based upon these efforts, we conclude that Appellant has forfeited appellate review of his claims. Preliminarily, Appellant's brief fails to include nearly every required component prescribed by our rules of appellate procedure. In particular, Appellant has not provided: a statement of jurisdiction; a declaration of the order in question; a statement of the scope and standard of review; a statement of the questions involved; a statement of the case; a summary of the argument; or, a short conclusion stating the precise relief sought. ***See*** Pa.R.A.P. 2111(a)(1), (2), (3), (4), (5), (6), and (9). Moreover, and more importantly, Appellant has not furnished a cogent and soundly developed

argument, supported by logical discussion and citation to pertinent authorities, to establish the claims upon which he seeks review. Instead, Appellant has come forward with a rambling and incoherent list of conclusory grievances targeting essentially each and every aspect of his arrest and conviction.[3] As the Commonwealth correctly points out, "[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue[s] in [a] meaningful fashion capable of review, [those claims are] waived." Commonwealth's Brief at 8, *quoting* ***Commonwealth v. Walter***, 966 A.2d 560, 566 (Pa. 2009). In short, the glaring deficiencies in Appellant's brief have severely hampered our review and, as it is not the responsibility of this Court to either distill or formulate the arguments forwarded on behalf of an appellant, we are constrained to find that Appellant has waived appellate examination of his claims. Accordingly, we shall affirm the order dismissing Appellant's petition for collateral relief without a hearing.

Order affirmed.

---

[3] Although Appellant lists multiple cases in his brief, he does not explain their relevance or how they compel relief on the issues he seeks to raise.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

8/29/2025